## GEORGE SCALFI & COMPANY v. STATE OF TEXAS.

### Motion No. 1093.  Decided June 1, 1903.

**Practice in Supreme Court—Assignment of Errors.**

Overruling a motion for rehearing of an application for writ of error, it is held, that, though the Court of Civil Appeals may reverse for fundamental error not assigned (Rev. Stats., art. 1014), the Supreme Court can only grant writ of error for errors specified in the application (Rev. Stats., arts. 942, 943); and it is too late to make the assignment in a motion for rehearing of the application.

Motion for rehearing on an application for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Palo Pinto County.

*F. L. Camp,* for petitioners.

*Lee Riddle* for defendant in error.

GAINES, CHIEF JUSTICE.—This is a motion for rehearing of an application for a writ of err

The suit was brought in the name of the State for the use of Palo Pinto County to recover upon a liquor dealer's bond. The jury found that there had been three breaches of the bond, and judgment was accordingly rendered against the obligors for the sum of $1500, with interest from the date of the judgment at 6 per cent per annum.

The motion is based upon a specification of two alleged fundamental errors. These specifications were not assigned in the application for the writ of error. The Courts of Civil Appeals may reverse a judgment for "error in law either assigned or apparent upon the face of the record." Rev. Stats., art. 1014. As we now construe and have always construed articles 942 and 943, we can only grant a writ of error for errors specified in the application. We are therefore of the opinion that it is too late to make the assignment in a motion for a rehearing.

The two points made in the motion for a rehearing are, (1) that it was error to allow interest on the judgment, and (2) that in a suit like this brought in the name of the State for the use of the county but $500 can be recovered, although there may be more than one breach of the bond. The questions are not before us and we pass upon neither.

The motion is overruled.

*Overruled.*