## W. J. McCAULEY v. CONSOLIDATED UNDERWRITERS

No. A-6362. Decided July 24, 1957.
(304 S.W. 2d Series 265.)

476

*McDaniel & Hunt* and *Richard E. McDaniel,* of Center, for petitioner.

*Ramey, Calhoun, Brelsford, Hull & Flock* and *Eugene Cavin,* all of Tyler, for respondent.

PER CURIAM

■ W. J. McCauley, petitioner, attempted to appeal from an order entered by the 123rd District Court of Shelby County on June 23, 1956, setting aside and vacating a default judgment rendered at a previous term in favor of petitioner and against Consolidated Underwriters, respondent. The Court of Civil Appeals affirmed. 301 S.W. 2d 181. Since the order of June 23rd is not a final judgment, the Court of Civil Appeals and this Court are without power to review it. Lynn v. Hanna, 116 Texas 652, 296 S.W. 280. We do have jurisdiction, however, to reverse the judgment of the Court of Civil Appeals and dismiss the

appeal from the trial court. Hubbard v. Tallal, 127 Texas 242, 92 S.W. 2d 1022.

The jurisdiction of the intermediate court was challenged by respondent's brief there, but the point is not raised in this Court. This squarely presents the following questions: (1) Does the action of the Court of Civil Appeals in affirming the judgment of the trial court constitute fundamental error? and (2) Is the Supreme Court authorized to reverse the judgment of a Court of Civil Appeals for an unassigned fundamental error? We have concluded that both questions must be answered in the affirmative.

■ Prior to the adoption of the Rules of Civil Procedure, it was held that while the Courts of Civil Appeals might reverse a trial court judgment for an unassigned error apparent on the face of the record, this Court could not consider even fundamental error when not raised in the application for writ of error. Grayce Oil Co. v. Peterson, 128 Texas 550, 98 S.W. 2d 781. The reasons for these rules are to be found in the legislative enactments then applicable to our appellate courts. Art. 1837[1] expressly authorized the intermediate courts to consider "an error of law either assigned or apparent on the face of the record," but there was no statutory provision conferring such power on the Supreme Court. The statutes requiring that grounds of error be specified in the application were accordingly construed as restricting this Court to a consideration of the errors so assigned. George Scalfi & Co. v. State, 96 Texas 559, 73 S.W. 441, and 74 S.W. 754.

With the adoption of the Rules of Civil Procedure, Art. 1837 was repealed in its entirety and there is now no provision, statutory or otherwise, expressly authorizing the Courts of Civil Appeals to consider an unassigned error. When the question was presented to us for decision, however, we held that such courts still have the power to reverse the judgment of a trial court for an unassigned error which is truly fundamental. Ramsey v. Dunlop, 146 Texas 196, 205 S.W. 2d 979.

■ Since the Rules make no provision for consideration of errors apparent on the face of the record, the concept of fundamental error is much narrower than it was under Art. 1837, and many errors formerly treated as fundamental may not be so regarded now. The majority opinion in the Ramsey case does

---

[1]Texas Rev. Civ. Stat. 1925.

not attempt to give an all inclusive definition of the term, but holds that an error which directly and adversely affects the interest of the public generally, as that interest is declared by the statutes or Constitution of our State, is fundamental. When the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter, the error will also be regarded as fundamental. An appellate court should not be required to approve a county court judgment awarding a divorce simply because the appellant does not raise the question of jurisdiction.

■ As they bear on the power to consider fundamental error, there is no essential difference between the rules governing the Courts of Civil Appeals and those applicable to this Court. Rules 374, 418 and 451[2] require that the brief direct the attention of the intermediate court to the errors upon which the parties rely, and that the court decide all issues presented by proper assignments of error. Rules 467, 469 and 476[2] provide that the application for writ of error shall contain the points relied upon, and that the trial in the Supreme Court shall be upon questions of law raised by such assignments of error. Under these rules the litigants are not entitled as a matter of right to have the appellate court consider any error not assigned by them. But it is clear from our decision in the Ramsey case that the power to revise the judgment of a lower court for fundamental error as that term is now understood need not be expressly conferred by statute or rule. And there is no longer any reason for saying that the authority of the Supreme Court in this respect is different from that of the Courts of Civil Appeals.

If this Court is to perform its function in the judicial process, it must have the same power as the Courts of Civil Appeals to consider fundamental error. We cannot blindly affirm an erroneous judgment which adversely affects the public interest, or a decree entered by a trial or intermediate appellate court which had no jurisdiction of the subject matter, merely because the litigants have not seen fit to assign the error. We hold, therefore, that when its jurisdiction is invoked by an application for writ of error, the Supreme Court is authorized to and will consider fundamental error even though not assigned by the parties.

Under the provisions of Rule 483[2], the judgment of the Court

[2]Texas Rules of Civil Procedure.

of Civil Appeals is reversed and the appeal from the District Court is dismissed.

Opinion delivered July 24, 1957.