**J. I. WEISNER, Appellant,**

v.

**TEXAS AND PACIFIC RAILWAY COMPANY, Appellee.**

No. 16031.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 16, 1959.

Rehearing Denied Nov. 13, 1959.

C. B. Bunkley, Jr., Dallas, and L. Clifford Davis, Fort Worth, for appellant.

Samuels, Brown, Herman, Scott & Young, and Ardell M. Young, Fort Worth, for appellee.

BOYD, Justice.

Appellant J. I. Weisner sued appellee The Texas and Pacific Railway Company under provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51, for damages for personal injuries alleged to have been sustained while in the discharge of his duties under employment by appellee. A jury trial resulted in a verdict and judgment for appellee.

Appellant was employed by appellee as a chef and porter on Business Car No. 4. According to appellant's allegations, he

was injured when a switch engine was negligently coupled into said car with unusual violence; appellee's employees failed to keep a proper lookout to determine if anyone was on said car at the time the coupling was made; and they negligently failed to warn appellant that the switch engine was about to couple into the car. Appellee answered by general denial, and by further answer denied that there was an accident and that appellant was injured; it alleged that if the accident did occur, and if appellant sustained injuries, appellant's negligence was the sole proximate cause, and, alternatively, that his negligence proximately caused the accident, and further in the alternative, that the occurrence was an unavoidable accident. It is also alleged that appellant's disability, if any, was caused by a preexisting physical condition.

In answer to the first issue the jury found that appellant was injured while in Business Car No. 4.

Issue No. 2 was as follows: "Do you find from a preponderance of the evidence that such injuries, if any you have found the plaintiff sustained in answer to the above question, were received by the plaintiff as a result of the coupling made by the switch-engine at the time when Business Car No. 4 was first moved on the occasion here involved?" Preceding the issue was this instruction: "If you have answered the above special issue No. 1 'yes', and only in that event, then answer this question:", and following issue No. 2 was this instruction: "If you have answered Special Issue No. 2 above 'no', and only in that event, then you need not answer any further issue in this charge. If you have not so answered said issue No. 2, then you will answer the following questions as hereinafter instructed." The jury answered No. 2 "No."

The jury found that appellee's employees were not negligent in not warning appellant that the Business Car was going to be coupled to and moved; that said employees did not fail to keep a proper lookout to determine if any person was on the Business Car prior to the time it was coupled into; that appellant failed to keep a proper lookout for his own safety prior to and at the time of the coupling when the car was first moved; that appellant was negligent in attempting to make down a berth by permitting the back side of a seat or the upper portion of the berth to rest on his neck and upper back while placing a support in its proper place; and that said acts of negligence on the part of appellant were proximate causes of his injuries, but that neither was the sole proximate cause. It was further found that appellant's injuries were not the result of an unavoidable accident.

There was no objection to the charge and no request for additional issues or instructions.

Appellant contends that the finding that appellee's employees were not negligent in not warning appellant that the Business Car was to be coupled into and moved was "as a matter of law contrary to the evidence"; and that such finding, and the findings that appellee's employees did not fail to keep a proper lookout to determine if any person was on the Business Car prior to the time it was coupled into, that appellant failed to keep a proper lookout for his own safety, and was negligent in attempting to make down a berth by permitting the back side of a seat or the upper portion of the berth to rest on his neck and upper back while placing a support in its proper place, were so against the overwhelming weight of the evidence as to be clearly wrong and unjust. In addition to these points, appellant contends that the trial court committed fundamental error in submitting issue No. 2 and the instructions immediately preceding and following such issue, which issue and instructions are set out above.

His contention is that issue No. 2 placed a greater burden on him than that required by law, in that the effect of the issue was

to ignore the rule that in cases arising under the Federal Employers' Liability Act a recovery may be had if negligence of the defendant was in part only a proximate cause of an employee's injury. That appellee could be held in damages if negligence of its employees contributed in part to appellant's injuries is settled, even though appellant's negligence may have been a proximate cause. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493.

We think, however, that appellant misconceives the effect of special issue No. 2. In our opinion, that issue did not submit any theory of negligence or proximate cause. After asking the jury in issue No. 1 if appellant sustained injuries while he was in Business Car No. 4 on March 28, 1955 to which the jury answered "Yes," the court then asked the jury in issue No. 2, in effect, if those injuries resulted from the coupling made when Business Car No. 4 was first moved on the occasion here involved.

■ We do not think that the submission of the issue, with the accompanying instructions, if erroneous at all, constituted fundamental error.

"The supreme court has not undertaken to give an all-inclusive definition of fundamental error, but it has held that an error that directly and adversely affects the interest of the public generally, as such interest is declared in the statutes or constitution of the state, is a fundamental error. * * *" 3 Tex.Jur.2d, p. 462, sec. 189. "Since the Rules make no provision for consideration of errors apparent on the face of the record, the concept of fundamental error is much narrower than it was under Art. 1837, and many errors formerly treated as fundamental may not be so regarded now. * * *" McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265, 266. In the absence of an objection to the issue or to the instructions, we think the matter is not reviewable.

■ The findings complained of as being without support in the evidence, or against the overwhelming weight of the evidence, are those finding no negligence on the part of employees of appellee, and those finding certain acts of negligence on the part of appellant which were found to be proximate causes of appellant's injuries. We have carefully studied the evidence and think that all such points must be overruled.

■ Appellant insists that appellee had an operating rule which required the train crew to warn any person who might be in the Business Car that it was to be coupled into. The rule appears not to apply to the car in question, even if it had not been superseded, as claimed by appellee. The Business Car was always considered and treated as passenger equipment, with the rules governing that equipment being applicable. Such rules did not require a warning to those on board before moving passenger cars.

Several witnesses testified that the Business Car was coupled into and moved in an easy and careful manner. The engine foreman testified: " * * * as we got close to the coach, why we get down to slow—well, you are just barely creeping along whenever you couple up, because we take for granted that there is people in there at all times, and we try to see how easy we can couple up to it, because as a rule there are people in it, and we coupled up, we did not jar the coach, and there was no unnecessary roughness at all."

■ We think the findings of acts of negligence on the part of appellant, and that they were proximate causes of his injuries, have substantial support in the evidence. Appellant testified that while making down a berth he caused the back of a seat, which was to become the upper portion of the berth, to rest on his neck and upper back while placing a support in its proper place. He had been off from work for about two weeks, getting treatment for broken arches, and had returned to work

the day before the accident. While in the hospital a few hours after the accident, he was quoted by one witness as saying that he was making up the bed and when the engine coupled into the car his legs gave way on him.

Finding no reversible error, the judgment is affirmed.