**T. S. LANKFORD & SONS, INC. et al., Appellants,**

**v.**

**HARRY ELDRIDGE CO., Inc., Appellee.**

**No. 7423.**

Court of Civil Appeals of Texas.

Texarkana.

July 24, 1962.

Rehearing Denied Aug. 21, 1962.

Joyce Cox, Fountain, Cox & Gaines, Houston, Jack Sayles, Abilene, for appellants.

W. C. McClain, McClain & Harrell, Conroe, John J.O'S. Heyburn, Strong, Baker & Heyburn, Houston, for appellee.

DAVIS, Justice.

This is a venue case. Appellants Abe Lankford, Charlie Lankford and T. S. Lankford and Sons, Inc., filed what they thought to be Pleas of Privilege. Rule 85, Vernon's Ann.Tex. Rules of Civ.Proc., reads in part as follows:

"A plea of privilege to be sued in the county of one's residence shall be in writing and sworn to * * *."

The pleas of privilege contain the following affidavits:

"THE STATE OF TEXAS
"COUNTY OF TAYLOR

"BEFORE ME, the undersigned authority, on this day personally appeared Abe Lankford, who, on oath stated that he is one of the defendants in the above entitled and numbered cause, and that the foregoing plea, and every statement, allegation, and denial thereof are true.

"/s/ TOMMIE MAYES—Tommie Mayes

"SWORN TO AND SUBSCRIBED BEFORE ME, by the said Abe Lankford, this the 21st day of April, 1961,

to certify which witness my hand and seal of office.

"/s/ TOMMIE MAYES—Tommie Mayes

"Notary Public, Taylor County, Texas

"THE STATE OF TEXAS
"COUNTY OF TAYLOR

"BEFORE ME, the undersigned authority, on this day personally appeared A. B. Lankford, President of Defendant, T. S. Lankford & Sons, Inc., a corporation, who, on oath stated that the foregoing plea, and every statement, allegation, and denial thereof, are true.

"/s/ TOMMIE MAYES—Tommie Mayes

"SWORN TO AND SUBSCRIBED BEFORE ME, by the said A. B. Lankford, this 21st day of April, 1961, to certify which witness my hand and seal of office.

"/s/ TOMMIE MAYES—Tommie Mayes

"Notary Public, Taylor County, Texas.

"THE STATE OF TEXAS
"COUNTY OF TAYLOR

"BEFORE ME, the undersigned authority, on this day personally appeared Charlie Lankford, who, on oath stated that he is one of the defendants in the above entitled and numbered cause, and that the foregoing plea, and every statement, allegation, and denial thereof are true.

"/s/ TOMMIE MAYES—Tommie Mayes

"SWORN TO AND SUBSCRIBED BEFORE ME, by the said Charlie

Lankford, this the 21 day of April, 1961, to certify which witness my hand and seal of office.

"/s/ TOMMIE MAYES—Tommie Mayes

"Notary Public, Taylor County, Texas."

The requirements of Rule 86 are mandatory. To give the trial court jurisdiction over the pleas, they must be in writing and sworn to. The pleas of privilege in this case were not sworn to, are a nullity, and fatally defective. 33 Tex.Juris. 624, Sec. 173; 43b Tex.Juris. 287, Sec. 106; McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Brashears v. Strawn Nat. Bank, Tex.Civ.App., 57 S.W. 2d 177, n.w.h.; Smith v. Daniels, 288 S.W. 496, err. dism.

The Supreme Court said in McCauley v. Consolidated Underwriters, supra, that when the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter the error will also be regarded as fundamental.

The plea of privilege of Abe Lankford was actually signed, prior to the affidavit, by A. B. Lankford. The plea of privilege by T. S. Lankford & Sons, Inc., was signed, prior to the affidavit by A. B. Lankford. The plea of privilege of Charlie Lankford was actually signed, prior to the affidavit, by Charlie Lankford. The affidavits show that "Abe Lankford, "A. B. Lankford", and "Charlie Lankford" personally appeared before the notary, and swore that they were a defendant in the "foregoing plea" Then, the affidavit is signed by "Tommie Mayes". The jurat is also signed by "Tommie Mayes". Under the present Rules of Civil Procedure, a plea of privilege may be amended. 43-b T.J. 289, Sec. 107.

Under Rule 483, T.R.C.P., I would reverse and set aside the judgment of the trial court and dismiss the appeal. The appellants could then apply to the trial court to amend their pleas of privilege.

The other Judges will not agree to the foregoing opinion. I file it as my dissent. If the Rules of Civil Procedure and the Statutes mean what they say, I believe we still have fundamental error that goes to the jurisdiction of the courts. The holdings in St. Paul Fire & Marine Ins. Co. v. Murphree, Tex.Sup.Ct., 357 S.W.2d 744, and the authorities therein cited, are not in point.

The appellee sued the appellants, residents of Taylor County, Herbert M. Moon, a resident of Harris County, and H. W. Farrar, a resident of Kansas, in the District Court of Harris County. The purported pleas of privilege were filed and were controverted. The appellee did not set out any specific subdivision of Art. 1995 Vernon's Ann.Rev.Civ.St. upon which he relied in his controverting affidavit. The trial court overruled the pleas of privilege and filed findings of fact and conclusions of law. From the judgment, the appellants have appealed and bring forward one point of error.

Appellants complain of the error of the trial court because the appellee failed to prove a cause of action against the resident defendant. Appellee was a sales agent, selling childrens' and sub-teen sportswear. There was a written contract between appellants and appellee. The contract was plead as a basis for the lawsuit, and contained the following paragraph:

"12. It is agreed between the parties hereto that Company is presently engaged in manufacturing childrens' and sub-teen wear under other trade-names and labels and which could be considered competitive to the articles and merchandise covered by this Agreement; it is, therefore, distinctly agreed between the parties hereto, that this Agreement covers only the articles described in paragraph 9 hereof, and

to which articles and merchandise are attached the label covered by this Agreement, and no other articles, goods or merchandise."

The contract was offered in evidence by the appellee.

Defendants Moon and Farrar were commissioned salesmen for the appellee. Prior to the time that defendants Moon, Farrar, and Curry, another employee, quit their employment with the appellee, the appellee had gotten behind with the payments of some of their commissions. They could not make a living under the oral contract of employment. All three of the employees of the appellee resigned on August 26, 1960. This was after an effort had been made by defendants Moon and Farrar to purchase the contract from the appellee. After the resignation, the appellee, knowing that Moon and Farrar had quit their employment, stated he would not expect any commissions from them. The appellee offered the use of his showrooms to the employees, and placed some ads for employment for them.

Defendants Moon and Farrar, being in need of work, contacted the appellants immediately after their resignation. About September 15, 1960, the Appellants hired the defendants Moon and Farrar and agreed to pay them a higher commission than the amount paid by the appellee. The defendants Moon and Farrar also contacted other prospective employers.

■ Appellants required defendants Moon and Farrar to give them a letter to the effect that they had resigned their employment with the appellee before appellants would hire them. The appellee based his cause of action upon a conspiracy between the defendants Moon and Farrar and the appellants. Bearing in mind the foregoing provision in the contract, appellants could not be guilty of any conspiracy whatever. The defendants Moon and Farrar being employed by oral contract were justified in resigning their employ-

ment with the appellee. There is no evidence in the record that Moon interfered wrongfully with the appellant-appellee contract. There is no evidence of any conspiracy by and between Moon and the appellants that could result in a judgment against Moon, or the appellants. The appellee takes the position that there was a violation of the contract. Under the contract between appellants and appellee, the sportswear were to be labeled "Trim Sportswear". Under the contract, appellants being in the manufacturing business over a long period of time had to protect their business. This they did by paragraph 12 of the contract. The appellants did not put the label "Trim Sportswear" on the articles that were later sold by Defendant Moon. Under Subdivision 4 of Art. 1995, R.C.S., there must be proof of a valid cause of action against the resident defendant. Lee v. Robinson (Tex. Civ.App.) 282 S.W.2d 397 wr. dism.; MacDonald v. Trammell, Tex.Civ.App., 351 S.W.2d 89, n. w. h.; 1 MacDonald Texas Civil Practice 334, Sec. 4.10. There being no evidence of any conspiracy on the part of defendant Moon, the point is sustained.

The judgment of the trial court is reversed and rendered.