**WALKER SAND, INC., Appellant,**

v.

**BAYTOWN ASPHALT MATERIALS, LTD. and Riversand Partners, L.L.C., Appellees.**

No. 01–02–00183–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 27, 2002.

L.T. "Butch" Bradt, The Teltschik Law Firm, Houston, for Appellant.

Louis L. Bagwell, Baker & Botts, Mark Douglas Goranson, Law Offices of Mark D. Goranson, Houston, for Appellees.

Panel consists of Justices HEDGES, KEYES, and DUGGAN *.

## OPINION

LEE DUGGAN, JR., Justice.

In this interlocutory appeal, Walker Sand, Inc. ("Walker") challenges the trial court's order denying Walker's request to stay proceedings to permit arbitration.[1]

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Walker also filed a companion mandamus proceeding, cause number 01–02–00342–CV, *In re Walker Sand, Inc.,* challenging the trial court's order denying Walker's request to stay proceedings to permit arbitration. We denied Walker's petition for mandamus in our opinion of April 25, 2002.

Because no statute specifically allows for an interlocutory appeal of such an order, we dismiss Walker's appeal for lack of jurisdiction.

## CASE OVERVIEW

This appeal arises from a dispute over the interpretation of a contract between RiverSand Partners, L.L.C. ("RiverSand") and Walker. The contract granted Walker the right to excavate and remove sand from RiverSand's property. The contract also contained a clause requiring all disputes between Walker and RiverSand that arose out of the terms, conditions, enforcement, or interpretation of the contract, to be first submitted to non-binding mediation, and then, if mediation was unsuccessful, to binding arbitration.

Baytown Asphalt Materials, Ltd. ("BAM") also had a contract with River-Sand that granted BAM the right to mine sand from RiverSand's property. A dispute arose among the parties regarding whether the RiverSand/Walker contract gave Walker the exclusive right to mine sand from the subject property. As a result of the dispute, BAM filed a declaratory judgment action against Walker and RiverSand in the 152nd District Court, the Honorable Harvey Brown presiding, on July 5, 2001. BAM requested the trial court to declare that the RiverSand/Walker contract did not grant Walker the exclusive right to excavate and remove sand from the property.

Walker filed a cross-claim against River-Sand seeking to enforce the mediation and arbitration clause in the RiverSand/Walker contract.[2] In addition to the cross-claim, Walker separately filed a motion entitled "Defendant Walker Sand, Inc.'s Request to Stay Proceedings to Permit Arbitration."

The motion did not request the trial court to compel the parties to engage in arbitration; rather, Walker simply moved the trial court to abate proceedings until arbitration was completed and judgment entered on the arbitration award.

After BAM filed suit in Judge Brown's court, Walker filed suit against RiverSand, but not BAM, in the 281st District Court, the Honorable Jane Bland, presiding. RiverSand did not file an answer to Walker's suit in Judge Bland's court and, as a result, Walker obtained a default judgment against RiverSand on October 25, 2001. In the default judgment, Judge Bland ordered Walker and RiverSand to mediate any disputes that arose out of the terms, conditions, enforcement, or interpretation of the Walker/RiverSand contract. The default judgment further provided that, in the event the disputes were not resolved by mediation, the parties were then required to participate in binding arbitration.

On January 23, 2002, Walker filed a supplemental motion to stay proceedings in Judge Brown's court. The supplemental motion reiterated Walker's request to stay proceedings until the dispute had been arbitrated, but did not request the trial court to order arbitration.

On January 25, 2002, Judge Brown conducted a hearing on a motion for partial summary judgment filed by BAM. At the hearing, Walker's counsel requested Judge Brown to consider Walker's motion to stay proceedings until after arbitration had been completed. Walker's counsel did not request Judge Brown to sign an order compelling arbitration. As stated above, at the time of the January 25 hearing, Walker had already obtained a default judgment in Judge Bland's court, which

---

2. Walker also filed a counterclaim against BAM asserting causes of action for tortious interference and conversion.

ordered the parties to mediate, and then arbitrate the dispute.

Following the hearing, Judge Brown signed an order denying Walker's motion to stay the proceedings.[3] It is from the January 25 order denying Walker's motion to stay proceedings that Walker appeals.[4]

In two issues, Walker complains that the trial court erred in denying Walker's right to arbitrate and that the "order denying arbitration" was an impermissible collateral attack on the default judgment signed by Judge Bland.

## JURISDICTION

■ Although none of the parties have challenged our jurisdiction over this interlocutory appeal, we must first address this issue before we can reach the merits of Walker's arguments. *See Davis v. Covert*, 983 S.W.2d 301, 302 (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd w.o.j.). Appellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue. *See McCauley v. Consol. Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957); *Davis*, 983 S.W.2d at 302. When an appellate court concludes it does not have jurisdiction, it can only dismiss the appeal. *Bethurum v. Holland*, 771 S.W.2d 719, 722 (Tex.App.-Amarillo 1989, no writ).

■ The legislature determines, by statute, whether a particular type of pretrial ruling may be appealable before a

final judgment is rendered. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute *explicitly provides* appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998); *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex.App.-Houston [1st Dist.] 1991, writ denied). A statute authorizing an appeal from an interlocutory order is in derogation of the general rule that only final judgments are appealable; therefore, Texas courts strictly construe those statutes authorizing interlocutory appeals. *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.-Houston [14th Dist.] 1997, no writ); *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex.App.-Austin 1984, no writ).

■ In its brief, Walker states we have jurisdiction over this interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 171.098, which provides as follows:

(a) A party may appeal a judgment or decree entered under this chapter or an order:

  (1) denying an application to compel arbitration made under Section 171.021;

  (2) granting an application to stay arbitration made under Section 171.023;

  (3) confirming or denying confirmation of an award;

  (4) modifying or correcting an award; or

---

**3.** At that time, Judge Brown also signed an order granting BAM's motion for partial summary judgment. The order provided that the RiverSand/Walker contract was unambiguous and did not grant Walker an exclusive right to excavate sand from RiverSand's property.

**4.** The order provides as follows:

On _____, came to be heard Defendant Walker Sand, Inc.'s Request to Stay Proceedings To Permit Arbitration. The Court, after considering the motion, all replies, supplements, responses and argument of counsel, is of the opinion that the motion should be DENIED. It is therefore:

ORDERED, ADJUDGED and DECREED that Walker Sand, Inc.'s Request to Stay Proceedings To Permit Arbitration is DENIED. Signed and entered on January 25[,] 2002.

(5) vacating an award without directing a rehearing.

(b) The appeal shall be taken in the manner and to the same extent as an appeal from an order or judgment in a civil action.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.098 (Vernon Supp.2002). Specifically, Walker complains the January 25 order denied Walker's contractual right to arbitrate. By complaining of the "order denying arbitration," Walker has attempted to phrase its issues to bring this appeal within the language of subsection 171.098(a)(1). However, it is the substance and function of the order viewed in the context of the record that controls our interlocutory jurisdiction, not Walker's characterization of the order. *See Markel v. World Flight, Inc.,* 938 S.W.2d 74, 78 (Tex.App.-San Antonio, no writ).

Without elaboration, the January 25 order simply denies Walker's "Request to Stay Proceedings To Permit Arbitration." Concomitantly, it follows that if Walker's "Request to Stay Proceedings To Permit Arbitration" is not an application to compel arbitration, then the order is not an appealable, interlocutory order contemplated by subsection 171.098(a)(1). Thus, we turn to the language of Walker's "Request to Stay Proceedings To Permit Arbitration" to determine whether the order is appealable.

Walker's motion stated, in relevant part, as follows:

3. Walker Sand, Inc. has sued Riverside Partners, L.L.C. [sic] to enforce the mediation/arbitration clause contained in the contract between Walker Sand, Inc. and Riverside Partners, L.L.C. [sic] to obtain a construction of the contract between them.[5]

4. Walker Sand, Inc. therefore moves to stay and/or abate these proceedings until the arbitration of the dispute [between] Walker Sand, Inc. and Riverside Partners, L.L.C. [sic] is completed and the award is brought forward for enforcement in this court.

. . . .

... Walker Sand, Inc. prays that this Court stay and abate these proceedings until such time as Walker Sand, Inc. and Riverside Partners, L.L.C. shall have mediated and arbitrated the dispute between them and that arbitration award is reduced to a judgment and enforced against Riverside Partners, L.L.C. [sic].

Reading the January 25 order in the context of the motion that it denies, the order does not deny an "application to compel arbitration." Rather, the only relief denied by the order is Walker's request for the trial court to stay or abate proceedings until after arbitration has been completed, and judgment has been entered on the arbitration award.

To the extent Walker argues that the "effect" of the order was to deny arbitration by litigating issues that should have been arbitrated, we note that the January 25 order does not stay, or otherwise prevent, arbitration between RiverSand and Walker pursuant to Judge Bland's default judgment. *Cf. Hearthshire Braeswood Plaza Ltd. P'ship v. Bill Kelly Co.,* 849 S.W.2d 380, 385–86 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (holding appellate court had jurisdiction pursuant to former version of section 171.098 because trial court's interlocutory order not only overruled plea in abatement, but also

---

**5.** It is unclear whether Walker is referring to its cross-claim against RiverSand filed in Judge Brown's court, or whether it refers to the suit Walker filed against RiverSand in Judge Bland's court.

stayed arbitration proceedings). From the record before us, it appears Walker had the prerogative to enforce Judge Bland's order contained in the default judgment compelling mediation and then arbitration.

Neither section 171.098, nor any other statute, provides for an interlocutory appeal of an order denying a motion to stay or abate the trial court's proceedings. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098; *see also* TEX. CIV. PRAC. & REM.CODE. ANN. § 51.014 (Vernon Supp.2002) (listing types of interlocutory orders that are appealable). Strictly construing section 171.098 as we must, we hold that the January 25 order is not an appealable, interlocutory order. *See Batton v. Green,* 801 S.W.2d 923, 930 (Tex.App.-Dallas 1990, no writ) (holding order denying a plea in abatement is not an appealable, interlocutory order under former version of subsection 171.098(a)(1)). Consequently, we lack jurisdiction to consider Walker's appeal.

## CONCLUSION

We dismiss Walker's appeal for lack of jurisdiction.