Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued September
14, 2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00330-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



BISON BUILDING MATERIALS, LTD., Appellant

 

V.

 

LLOYD K. ALDRIDGE, Appellee

 

* * *

 

LLOYD K. ALDRIDGE, Cross-Appellant

 

V.

 

BISON BUILDING MATERIALS, LTD., Cross-Appellee

 

 



On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2004-60534

 








 



O P I N I O N

 

          Bison
Building Materials, Ltd. and Lloyd K. Aldridge appeal an interlocutory trial
court order confirming in part and vacating in part an arbitration decision
that dismissed Aldridge’s claims against Bison. 
We conclude that we lack statutory authority to consider this
interlocutory appeal and therefore dismiss it for want of jurisdiction.

Background

          Aldridge,
a truck driver for Bison, sustained an injury in the course and scope of his
employment.  Aldridge had signed a Mutual
Agreement to Arbitrate Claims (“Arbitration Agreement”) when his employment
began, by which he had agreed to resolve any claims for “work-related illnesses
or injuries” via arbitration.  After he
was injured, Aldridge signed a Post Injury Waiver and Release (“post-injury
waiver”).  The post-injury waiver states
in pertinent part: “I am aware that . . . I could file a
legal action against the Company because of my injury. . . .  In electing to accept benefits under the
PLAN, I understand and agree to give up the right to file a legal action
against the Company . . . for any and all damages sustained by me because of my
injury.”  The “PLAN” referenced in the
post-injury waiver is Bison’s Workplace Injury Plan (the “Plan”), which
provides eligible employees who are injured on the job with lost-time income
benefits, medical care benefits, and accidental death and dismemberment
benefits.

          Pursuant
to the Plan, Bison paid Aldridge approximately $80,000 in medical and wage
replacement benefits.  Aldridge
subsequently filed a demand for arbitration, asserting a damages claim for lost
wages, medical expenses, pain and suffering, mental anguish, and loss of
earning capacity.  After the parties
instituted arbitration proceedings, Bison moved to dismiss Aldridge’s claim,
raising waiver as a defense, and alternatively pleading an offset for $80,259.

The arbitrator initially denied
Bison’s motion, finding that a fact issue existed, “albeit very slight[,] as to
whether or not [Aldridge] had even signed the Post-Injury Waiver.”  He ordered Aldridge to provide additional
evidence to support his claim.  Aldridge
responded with an affidavit averring that he did not remember signing the post-injury
waiver or, in the alternative, did not understand the consequences of signing
it.  Observing that “[i]t is well
established in Texas that an individual who signs a contract is presumed to
have read and understood the contract and comprehended the legal effect of what
he has signed in the absence of fraud or deceit[,]” the arbitrator concluded
that there was “overwhelming circumstantial evidence indicating Aldridge
actually signed the Post-Injury Waiver.” 
Accordingly, the arbitrator determined that Aldridge had waived his
right to arbitrate his damages claim against Bison, stating as follows:

[T]he present state of Texas law is such that
post-injury waivers as presented in the instant case provide certain and
immediate benefits to injured employees. 
Aldridge was free to decline Bison’s benefit plan while still retaining
his right to employment as well as any rights to seek damages but declined by
signing the Post-Injury Waiver and accepting benefits as provided by the Plan.

 

For the foregoing reasons, . . . Aldridge’s attempt to
arbitrate a claim for common law damages against Bison . . . is hereby
dismissed with prejudice.

 

          In
the usual course of events, the arbitrator’s determination as to the merits of
this dispute, absent certain statutory and perhaps common law exceptions, would
be final and non-reviewable.  However, the
Arbitration Agreement here provides, somewhat unusually, for trial court review
of the arbitrator’s decision:

Either party may bring an action in any court of
competent jurisdiction . . . to enforce an arbitration award.  A party opposing enforcement of an award may
bring a separate action in any court of competent jurisdiction to set aside the
award, where the standard of review will be the same as that applied by an
appellate court reviewing a decision of a trial court sitting without a jury.

 

In accordance with the agreement, Aldridge
moved in the trial court to set aside the arbitration award; Bison moved to
confirm it.  After conducting a hearing,
the trial court, applying the standard of review set forth in the Arbitration
Agreement, confirmed the arbitration award in part and vacated it in part,
concluding that “fact questions” remained on three issues.  In relevant part, the trial court’s order
(“Order”) provides as follows:

          [T]he
Court determines that the motions should be GRANTED in part and DENIED in part
as follows.

 

          The
Court finds that, as a matter of first impression, that both the Texas Supreme
Court decision . . . Reyes . . . and the fair notice requirements
described therein are properly applied to a post-injury waiver.  The Court further finds that the post-injury
waiver is ambiguous as to whether the right to arbitration is forfeited.  Thus, the Final Award of dismissal is VACATED
in PART, solely as to the arbitrator’s finding that the post-injury waiver
precludes arbitration because there are fact questions on:

 

(1)   Is the post-injury waiver enforceable.  That is, (a) does the waiver satisfy the fair
notice requirements and, if not, (b) did both parties have actual knowledge of
the terms of the waiver agreement.  If
the answer to these two questions is “no,” the waiver is unenforceable.  Even if the waiver is enforceable, there is a
fact question on:

 

(2)   Do the ambiguous terms of the waiver preclude this
action seeking arbitration.

 

The arbitration award is CONFIRMED as to the finding
that Aldridge signed the post-injury waiver.

 

Both parties appeal from the Order.  Bison contends the trial court erred in
holding that (1) the Texas Supreme Court’s decision in Storage &
Processors, Inc. v. Reyes[1] applies
to post-injury waivers, and that (2) the post-injury waiver Aldridge signed is
ambiguous.  In his cross-appeal, Aldridge
contends there are fact issues regarding whether he signed, or understood that
he was signing, the post-injury waiver. 
After hearing oral argument, we ordered the parties to provide
supplemental briefing on the issue of appellate jurisdiction.

Analysis

          As
a threshold matter, we determine whether we have jurisdiction over the
appeal.  Kilroy v. Kilroy, 137
S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  We may not ignore a lack of jurisdiction,
even if the parties do not raise the issue. 
McCauley v. Consol. Underwriters, 157 Tex. 475, 478, 304 S.W.2d
265, 266 (1957); Davis v. Covert, 983 S.W.2d 301, 302 (Tex. App.—Houston
[1st Dist.] 1998, pet. dism’d w.o.j.). 
If we conclude that we do not have jurisdiction, we must dismiss the
appeal.  Kilroy, 137 S.W.3d at
783.

          Unless
specifically authorized by statute, we have jurisdiction to review only final
judgments.  Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997); Stolhandske
v. Stern, 14 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied).  A judgment is final for
purposes of appeal “if and only if either it actually disposes of all claims
and parties then before the court, regardless of its language, or it states
with unmistakable clarity that it is a final judgment as to all claims and all
parties.”  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 192–93 (Tex. 2000); see also Childers v. Advanced Found.
Repair, L.P., 193 S.W.3d 897, 898 (Tex. 2006) (per curiam) (applying Lehmann
and holding that trial court’s order dismissing parties’ claims and compelling
arbitration was final because it contained unequivocal finality language).  The Order here does not contain finality
language or otherwise state that it is a final judgment.  Nor does it dispose of all claims and
parties.  In fact, it does the exact opposite—it
states that “fact questions” remain regarding whether the post-injury waiver is
enforceable and whether the ambiguous terms of the waiver preclude the
arbitration.  Thus, the Order does not
dispose of all the parties’ claims; rather, it “contemplate[s] continuing
resolution through the arbitration process” and is “interlocutory per se under
the Lehmann reasoning.”  Brooks
v. Pep Boys Auto. Supercenters, 104 S.W.3d 656, 660 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).  We therefore must
determine whether we are otherwise statutorily authorized to consider this
interlocutory appeal.

          The
Arbitration Agreement provides that it is governed by the Federal Arbitration
Act (“FAA”).  Under the FAA, a party may
appeal an order confirming an award or a partial award, or an order vacating an
award.  9 U.S.C. § 16(a)(1)(D), (E)
(1997).  “[H]owever, federal procedure
does not apply in Texas courts, even when Texas courts apply the Federal
[Arbitration] Act.”  Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (holding that, although Texas
Arbitration Act allows interlocutory appeal from denial of motion to compel
arbitration made under section 171.021 of Act, interlocutory appeal is not
available under Texas Arbitration Act when trial court denies motion to compel
arbitration made under FAA, even though FAA permits party to take interlocutory
appeal); see also Belmont Constructors, Inc. v. Lyondell Petrochemical Co.,
896 S.W.2d 352, 355 (Tex. App.—Houston [1st Dist.] 1995, no writ) (“Texas
procedure allows appeals of interlocutory orders only if permitted by statute.
. . .  An order from the trial court
denying arbitration under the Federal [Arbitration] Act does not fall within a
statutory exception.”).  Thus, we examine
whether Texas procedure authorizes the parties’ interlocutory appeal.

          Under
Texas procedure, appellate courts possess jurisdiction to consider immediate
appeals of interlocutory orders only if a statute explicitly confers appellate
jurisdiction.  Stary v. DeBord,
967 S.W.2d 352, 352–53 (Tex. 1998); Eichelberger v. Hayton, 814 S.W.2d
179, 182 (Tex. App.—Houston [1st Dist.] 1991, writ denied).  A statute authorizing an appeal from an
interlocutory order is in derogation of the general rule that only final
judgments are appealable; thus, we strictly construe such a statute.  Walker Sand, Inc. v. Baytown Asphalt
Materials, Ltd., 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).

          The
general Texas statute permitting appeals from interlocutory orders does not
include an order confirming in part and vacating in part an arbitration award
as one of those interlocutory trial court orders from which a party may
appeal.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(1)–(11) (Vernon Supp. 2005) (setting forth eleven types of appealable
interlocutory orders).  The Texas General
Arbitration Act (“TAA”), however, authorizes appeals from certain types of
interlocutory orders relating to arbitration proceedings.  See id. § 171.098 (Vernon
2005); Stolhandske, 14 S.W.3d at 813. 
Specifically, the TAA provides as follows:

          (a)      A party may appeal a judgment or decree
entered under this chapter or an order:

 

                   (1)     denying an application to compel
arbitration made under Section 171.021;

 

                   (2)     granting an application to stay arbitration
made under Section 171.023;

 

                   (3)     confirming or denying confirmation of an
award;

 

                   (4)     modifying or correcting an award; or

 

                   (5)     vacating an award without directing a
rehearing.

 

Tex. Civ.
Prac. & Rem. Code Ann.
§ 171.098(a)(1)–(5).  Applying section
171.098(a)(5), the Fort Worth Court of Appeals has held that “a party
challenging an order vacating an arbitration award without directing a
rehearing in an arbitration governed by the FAA may do so through an interlocutory
appeal.”  J.D. Edwards World Solutions
Co. v. Estes, Inc., 91 S.W.3d 836, 839 (Tex. App.—Fort Worth 2002, pet.
denied) (cautioning, however, that interlocutory appeal is not permissible
under section 171.098(a)(5) if trial court directs rehearing or orders new
arbitration).

          Here,
the trial court’s Order confirms an arbitration award in part and vacates it in
part.  In vacating the award, the Order
identifies certain “fact questions” that remain and provides a roadmap for the
arbitrator to follow in considering those issues.[2]  Though the Order does not expressly direct a
rehearing, by identifying remaining issues, it necessarily contemplates
resolution of those issues by way of a rehearing.

          The
fact that these undecided issues are the precise issues the parties ask us to
consider on appeal underscores the interlocutory nature of the Order.  Moreover, somewhat unusually, the Arbitration
Agreement in this case provides that the trial court may review the
arbitrator’s decision using an appellate court standard of review—a standard
that is “the same as that applied by an appellate court reviewing a decision of
a trial court sitting without a jury.” 
This sort of clause presents interesting issues of jurisdiction and
policy, which the parties do not raise or brief here.  See Hughes Training Inc. v. Cook, 254
F.3d 588, 590, 592–93 (5th Cir. 2001) (citing Gateway Techs., Inc. v. MCI
Telecomms. Corp., 64 F.3d 993, 996–97 (5th Cir. 1995)) (holding identical
clause enforceable).[3]  But the Arbitration Agreement does not
provide for appellate review of the trial court’s decision—in
particular, on any interlocutory basis, and thus we need not enter the debate
to resolve this appeal, as we decide it based purely on our own statutory-based
appellate jurisdiction—or, in this case, lack thereof.

The parties similarly understand the
Order to direct a rehearing.  In its
notice of appeal, Bison states that it appeals from “the Court’s order of March
8, 2005, denying in part the Final Award of the arbitrator and remanding the
case . . . for further proceedings.” 
(Emphasis added).  Likewise, in
its initial brief, Bison states that the Order “remanded the case back to
arbitration for further proceedings. 
Specifically, the Court directed the arbitrator to determine whether the
post-injury waiver was enforceable under the fair notice doctrine and whether ‘the
ambiguous terms of the waiver preclude this action seeking arbitration.’”[4]  Similarly, in his supplemental brief, Aldridge
agrees that “the parties will return to arbitration under the Trial Court’s
Order, it appears that the Trial Court’s Order is considered interlocutory, and
the Appeals Court lacks jurisdiction.”

Applying section 171.098(a)(5), we conclude
that the Order “is the functional equivalent of an order granting a new trial
[and, as] such[,] . . . is not subject to direct appellate review.”  Stolhandske, 14 S.W.3d at 813–15
(construing section 171.098(a)(5) and concluding that “this Court has no
jurisdiction to consider an appeal from an order that vacates an arbitration
award and orders a new arbitration”); accord Prudential Sec., Inc. v. Vondergoltz,
14 S.W.3d 329, 330–31 (Tex. App.—Houston [14th Dist.] 2000, no pet.); cf.
Citizens Nat’l Bank of Beaumont v. Callaway, 597 S.W.2d 465, 465–66 (Tex.
Civ. App.—Beaumont 1980, writ ref’d) (holding that court lacked jurisdiction under
TAA to consider interlocutory appeal from trial court order that compelled
arbitration and defined issues for arbitrators to decide).[5]

          Strictly
construing section 171.098(a), as we must, we hold that the Order at issue here
is not an appealable interlocutory order. 
Walker Sand, 95 S.W.3d at 516. 
“It is fundamental error for an appellate court to assume jurisdiction
over an interlocutory order when not expressly authorized to do so by
statute.”  Gathe v. Cigna Healthplan
of Tex., Inc., 879 S.W.2d 360, 363 (Tex. App.—Houston [14th Dist.] 1994, writ
denied) (citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d
677, 679 (Tex. 1990)).  We do not imply
a lack of jurisdiction from the TAA provision allowing interlocutory appeals of
certain arbitration orders.  Rather,
absent a final judgment, or statutory authorization, we do not have state court
appellate jurisdiction in the first instance. 
We therefore dismiss the appeal for want of jurisdiction.

Conclusion

          We
conclude that we lack statutory authority to consider the parties’
interlocutory appeal and therefore dismiss the appeal for want of jurisdiction.

 

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Alcala, and Bland.

Justice Keyes, dissenting.











[1]
134 S.W.3d 190 (Tex. 2004).

 





[2] Specifically, the Order states that “the Final Award
of dismissal is VACATED in PART, solely as to the arbitrator’s finding that the
post-injury waiver precludes arbitration because there are fact questions . . .
.”

 





[3] The federal circuit courts of appeal are split on the
issue, with the First, Third, and Sixth in accord with the Fifth, and the
Eighth, Ninth, and Tenth in disagreement. 
Compare Puerto Rico Tel. Co. v. U.S. Phone Mfg. Corp., 427 F.3d
21, 31 (1st Cir. 2005) (“[T]he parties can by contract displace the FAA standard
of review, but that displacement can be achieved only by clear contractual
language.”), Jacada (Europe), Ltd. v. Int’l Mktg. Strategies, Inc., 401
F.3d 701, 710–11 (6th Cir. 2005) (noting that parties may contractually opt out
of FAA’s standard for vacatur), and Roadway Package Sys., Inc. v. Kayser,
257 F.3d 287, 293 (3d Cir. 2001) (“[P]arties may opt out of the FAA’s
off-the-rack vacatur standards and fashion their own . . . .”), with Kyocera
Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir.
2003) (en banc) (“[B]ecause Congress has specified the exclusive standard by
which federal courts may review an arbitrator’s decision, . . . private parties
may not contractually impose their own standard on the courts.”), Bowen v.
Amoco Pipeline Co., 254 F.3d 925, 937 (10th Cir. 2001) (“[P]arties may not
contract for expanded judicial review of arbitration awards.”), and UHC
Mgmt. Co. v. Computer Scis. Corp., 148 F.3d 992, 997–98 (8th Cir. 1998)
(suggesting in dicta that parties may not contract for expanded judicial review
of arbitration award).  The Texas Supreme
Court has yet to decide this issue.  See
Mariner Fin. Group, Inc. v. Bossley, 79 S.W.3d 30, 43 (Tex. 2002) (Owen,
J., concurring) (“It is not at all clear whether parties can, by their
agreement, expand the standards for judicial review of arbitration awards . . .
.”).  Our sister court has followed the
Fifth Circuit.  See Tanox, Inc. v.
Akin, Gump, Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 251 (Tex.
App.—Houston [14th Dist.] 2003, pet. denied) (concluding that, although
“parties may agree to expand judicial review of an arbitration award beyond the
scope of the FAA,” arbitration provision at issue lacked “clear and express
language altering the standard of review”).

 





[4] We note that in the supplemental brief it submitted
after oral argument, Bison proclaims for the first time that “[t]he parties in
this case have been laboring under the mistaken assumption that the trial
court’s [O]rder . . . directed a rehearing for a resolution of certain fact
issues.  It does no such thing.”

 





[5] Nor is section 171.098(a)(3) applicable.  See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(3) (Vernon 2005).  That provision permits an appeal from an
order “confirming or denying confirmation of an award.”  Id. 
The Order at issue here does not confirm “an award”—rather, it confirms only
part of an award.  As the Order does
not confirm the arbitration award in its entirety, the trial court did not
issue a corresponding judgment as required by section 171.092(a).  See id. § 171.092(a) (“On
granting an order that confirms . . . an award, the court shall enter a
judgment or decree conforming to the order.”); Action Box Co. v. Panel
Prints, Inc., 130 S.W.3d 249, 251 n.2 (Tex. App.—Houston [14th Dist.] 2004,
no pet.) (“[S]ection 171.092 requires a trial court to enter a corresponding
judgment whenever it grants an order confirming . . . an award.”).  Accordingly, we decline to exercise
jurisdiction under section 171.098(a)(3). 
See Prudential Sec., Inc. v. Vondergoltz, 14 S.W.3d 329, 330–31
(Tex. App.—Houston [14th Dist.] 2000, no pet.) (where court order vacated
arbitration award and directed rehearing, holding that there was no statutory
basis for appeal under section 171.098(a)(5), and rejecting appellant’s
assertion that interlocutory appeal was nonetheless authorized under section
171.098(a)(3) because order also contained language expressly denying
confirmation of award).