

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00340-CV

IN THE INTEREST OF M.G.T., A
CHILD

----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Allen Dale Newman, acting pro se, filed a timely notice of appeal from the trial court's June 28, 2010 "Final Order In Suit Affecting Parent-Child Relationship."  The trial court subsequently granted a partial new trial on August 26, 2010, while it still had plenary jurisdiction over the case.  *See* Tex. R. Civ. P. 329b(e).  On October 6, 2010, we informed the parties that we were concerned that we might not have jurisdiction over this appeal because a final judgment had

---

[1]*See* Tex. R. App. P. 47.4.

not been entered in the case and that the appeal could be dismissed for want of jurisdiction unless any party desiring to continue the appeal filed a response on or before October 18, 2010, showing grounds for continuing the appeal.

On October 18, 2010, Newman filed a response that did not show grounds for continuing the appeal but instead sought this court's instruction "on how to remedy these matters," i.e., the trial court's order granting a partial new trial. That same day the trial court set a hearing for October 28, 2010 on "Respondent's Motion to Reconsider Motion for New Trial, or, in the Alternative, Motion to Set Aside Judgment and/or Dismiss." On October 28, 2010, a "Final Trial Notification" set the case for a final trial on December 6, 2010.

On November 15, 2010, this court sent a letter to the parties informing them that this court had determined that it had jurisdiction. No final trial was held on December 6, 2010. Thereafter, on December 7, 2010, this court sent a letter to the parties informing them that the November 15 letter was sent in error and that the jurisdictional issue remained pending.

On January 6, 2011, we received a letter from Newman stating that he was filing the letter in lieu of a writ of mandamus and motion to stay proceedings in trial court and that his letter required immediate attention. We have carefully reviewed Newman's letter and attached exhibits, which attempt to respond to our December 7 letter even though no response was requested from the parties in that letter. Newman initially argues that because he was the only party to respond to our initial jurisdiction letter, all other parties have waived their rights to

2

question jurisdiction. Newman's argument fails because parties cannot waive jurisdiction. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (explaining that appellate courts must determine question of jurisdiction, even sua sponte, and that lack of jurisdiction may not be ignored simply because parties do not raise it); *see also New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990) (holding that appellate court's assumption of appellate jurisdiction over interlocutory order when not expressly authorized to do so by statute is jurisdictional fundamental error that supreme court will correct even though neither party asserts it).

Newman also argues that a partial trial would not be helpful and that an entire new trial is needed. Newman's letter raises other issues related to the underlying divorce, none of which this court may address absent a final judgment from the trial court. Newman's letter does not address the central concern of this court, which is that as of January 26, 2011, no other date has been set for a final trial, nor has a final judgment been signed. Because there is no final judgment, we dismiss the appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

---

[2]Our disposition of this appeal does not bar Newman from bringing a future appeal or from raising the issues he has posed in his letter, if he feels the need, once a final judgment has been signed.

3

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  January 27, 2011