COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:     *Jack Permison v. Carrie Morris & Dave Ward*

Appellate case number:   01-18-00392-CV

Trial court case number:   15-DCV-225441

Trial court:                       400th District Court of Fort Bend County

A question about this Court's jurisdiction has arisen from our review of the record. Before trial, the court granted two motions for summary judgment dismissing Permison's claims against Dave Ward. On appeal, Permison challenges the two summary judgment orders dismissing his claims against Ward as well as the trial court's directed verdicts in favor of Carrie Morris. The final judgment from which this appeal arises was signed by the trial court on December 8, 2017, and it states: "The claims made by Plaintiff JACK PERMISON against Defendant DAVE WARD were severed from the case at the beginning of trial."

Ordinarily, an interlocutory summary judgment becomes final when it merges with the final judgment. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972); *CenterPoint Energy Houston Elec. LLC v. Bluebonnet Drive, Ltd.*, 264 S.W.3d 381, 387 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). But when the trial court severs an interlocutory judgment into a separate cause, it becomes final immediately. *See Doe v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81, 82 (Tex. 2007); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). Such severance must occur "before submission to the trier of fact." *Long v. Castle Texas Prod. Ltd. P'ship*, 426 S.W.3d 73, 82 (Tex. 2014) (citing TEX. R. CIV. P. 41); *State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993).

The appellate record does not include an order severing claims made by Permison against Ward, but it suggests that one exists. The existence of such an order would affect our jurisdiction over Permison's appeal of Ward's take-nothing summary judgments. "Appellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue." *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *McCauley v. Consol. Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957).

The parties are **ordered** to file a response to this order indicating whether a severance order was signed by the trial court, when it was signed, and whether this Court has jurisdiction over Permison's appeal of the summary judgments dismissing his claims against Ward. If a severance order was signed, the parties are further **ordered** to file a supplemental clerk's record including the order of severance. The parties' responses and any supplemental clerk's record must be filed **no later than July 8, 2019**.

It is so **ORDERED**.


Judge's signature: _____/s/ Peter Kelly_____
                     ☑ Acting for the Court

Panel consists of Justices Keyes, Kelly, and Goodman

Date: _June 27, 2019_____