

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:      Umuoji Improvement Union (North America), Inc., a Nebraska Corporation v. Umuoji Improvement Union ( North America), Inc., a Massachusetts Corporation

Appellate case number:   01-20-00732-CV

Trial court case number:  19-DCV-258782

Trial court:            268th District Court of Fort Bend County

A question about this Court's jurisdiction has arisen from our review of the record. "Appellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue." *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *McCauley v. Consol. Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957)).

The underlying case was filed in the name of Umuoji Improvement Union (North America), Inc. by the Childs Law Firm. The appellant, Umuoji Improvement Union (North America), Inc., a Nebraska Corporation, represented by Reed Smith, LLP, intervened in the underlying case, asserting that it was the rightful beneficial owner of the funds that had been deposited in the trial court's registry. The plaintiff filed a motion to show authority, and the intervenor responded. The trial court held an evidentiary hearing on the motion to show authority. At the end of the hearing, the trial court announced that the plaintiff's motion to show authority would be denied and the parties would go to trial. However, the trial court also signed an order on August 6, 2020, which has not been made part of the appellate record, which stated:

> On this day, the Court considered the Plaintiff's Motion to Show Authority filed by The Childs Law Firm, P.C., purportedly on behalf of Umuoji Improvement Union (North America), Inc. After considering the Motion, the Response, and replies, if any, the evidence, and the arguments of counsel, the Court is of the opinion that the sole authority to represent Umuoji Improvement Union (North America), Inc., should be GRANTED to REED SMITH, LLP. It is therefore,
>
> ORDERED, ADJUDGED, and DECREED that such authority is GRANTED.

It is further

ORDERED, ADJUDGED, and DECREED  that this case is DISMISSED WITH PREJUDICE.

The notice of appeal in this case was filed on October 23, 2020, which was two days after the trial court signed the summary judgment and 78 days after the trial court signed the order dismissing the case with prejudice. *See* TEX. R. APP. P. 26.1 (notice of appeal generally must be filed within 30 days after the judgment is signed). The record on appeal does not include any motion that would have extended the time for filing a notice of appeal or extended the trial court's plenary power. *See* TEX. R. APP. P. 26.1 (time for filing notice of appeal may be extended to 90 days after the signing of the judgment when a party files a specified motion or request for findings of fact and conclusions of law); TEX. R. CIV. P. 329b(d) (trial court retains plenary power for 30 days after signing judgment).

The **parties** are **ordered** to file a response of **no more than 3,000 words** demonstrating why this appeal should not be dismissed for want of jurisdiction and the summary judgment vacated as void. If either party relies on a document that is not part of the appellate record to demonstrate this Court's jurisdiction or the jurisdiction of the trial court to render summary judgment, that party must file a supplemental clerk's record including the document(s) no later than **April 5, 2022**.

The response of Umuoji Improvement Union (North America), Inc., a Nebraska Corporation, is **due March 22, 2022**.

The response of Umuoji Improvement Union (North America), Inc., Massachusetts Corporation, is **due April 5, 2022**.

In addition, pursuant to Texas Rule of Appellate Procedure 34.5(c), the trial court clerk is **ordered** to prepare, certify, and file in this Court **no later than April 5, 2022** a supplemental clerk's record including the following:

[Proposed] Order Granting Authority, signed by the trial court August 6, 2020.

This case was previously set for submission without argument on March 8, 2022. The appeal is **abated**, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the parties' responses and the supplemental clerk's record are filed. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so **ORDERED**.


Judge's signature: _____/s/ Peter Kelly_____
                      ☑ Acting individually    □ Acting for the Court

Date: __March 8, 2022_____