175 So.2d 70 (1965)
Jack CARNER, Appellant,
v.
Harry FREEDMAN, Appellee.
No. 65-177.
District Court of Appeal of Florida. Third District.
May 4, 1965.
Rehearing Denied May 26, 1965.
Ely R. Katz and Michael H. Salmon, Miami Beach, for appellant.
Tobias Simon, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
CARROLL, Judge.
This appeal is from an order of the circuit court in Dade County which vacated an arbitration award and directed rehearing de novo by the arbitrators.
The reason for such action was stated in the trial court's order as follows:
"* * * [F]or the reason that one of the arbitrators discussed the matter *71 in controversy with a witness outside the presence of the other two arbitrators, the parties to this action, and their respective counsel. While the Court is satisfied that this was unintentional as far as performing any act that would be considered as conduct amounting to misbehavior, nonetheless, in consideration of a matter such as this, all arbitrators should sit as a body at all hearings and hear the same evidence and give the litigants' counsel an opportunity to examine and cross-examine any witness to such a cause."
The defendants, who had moved the court to set the award aside for such reason, appealed from that order. They assigned as error the resubmission of the matter before the same arbitrators and particularly before the one whose conference with a witness outside the hearing and apart from the others was the reason for setting aside the award. The plaintiff filed a cross assignment which contended the order appealed from was erroneous.
At the outset we are confronted by a question of jurisdiction, as to whether the order was appealable. Chapter 57, Fla. Stat., F.S.A., the Florida Arbitration Code, in § 57.29, lists the orders from which appeals can be taken as follows:
"(1) An appeal may be taken from:
"(a) An order denying an application to compel arbitration made under § 57.12;
"(b) An order granting an application to stay arbitration made under § 57.12(2)-(4);
"(c) An order confirming or denying confirmation of an award;
"(d) An order modifying or correcting an award;
"(e) An order vacating an award without directing a rehearing; or
"(f) A judgment or decree entered pursuant to the provisions of this law. [Emphasis supplied.]"
It will be seen from the foregoing quotation from § 57.29 that the order in this case is not one listed for appeal. Under subparagraph (e), an appeal will lie from an order vacating an award without directing a rehearing. The order in this case which vacated the award directed that the matter be reheard de novo by the arbitrators.
It follows that the appeal was improvidently taken, and that we are without jurisdiction on this appeal to consider the merits of the contentions of the appellant or of the appellee on the cross-assignment, for which reasons the appeal should be and hereby is dismissed.
It is so ordered.