William F. STOLHANDSKE, Appellant,

v.

Jeffrey M. STERN; Steve Gordon; Stern & Associates; Stern, Gordon & Schecter; and Stern & Gordon, Appellees.

In re William F. Stolhandske, Relator.

Nos. 01–98–00710–CV, 01–98–00954–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 2000.

Paul Dodson, Corpus Christi, for Appellant in No. 01-98-00710-CV.

Rand Mintzer, W. Andy Taylor, Brent Alan Benoit, Mallory Wade Turner, Mary Jo Cantu, Houston, for Appellee in No. 01-98-00710-CV.

Paul Dodson, Alan Clifton Gordon, Corpus Christi, for Relator in No. 01-98-00954-CV.

Rand Mintzer, Mallory Wade Turner, Mary Jo Cantu, Houston, for Real Party in Interest in No. 01-98-00954-CV.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and PRICE.*

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

The issue in this case is whether this Court has jurisdiction to consider the trial court's order vacating an arbitration award and ordering a new arbitration proceeding. In this interlocutory appeal, William F. Stolhandske (Stolhandske) appeals the trial court's order vacating an arbitration award against Jeffrey M. Stern; Steve Gordon; Stern & Associates; Stern, Gordon & Schecter; and Stern & Gordon (collectively, Stern & Gordon). Stolhandske also seeks review of the same order by way of petition for writ of mandamus. We dismiss the appeal for want of jurisdiction and deny the petition for writ of mandamus.

## BACKGROUND

In 1992, Donna Carrington hired Stolhandske to represent her in a medical malpractice case. Unhappy with his representation, Carrington fired Stolhandske and hired Stern & Gordon. Stolhandske then sued Stern & Gordon over alleged improprieties surrounding his discharge by Carrington.

In 1993, Stolhandske and Stern & Gordon resolved their dispute and entered into a settlement agreement. According to the terms of the agreement, Stolhandske was to receive "40% of all the moneys awarded to Donna Carrington, individually in the Carrington matter." The settlement agreement also contained an arbitration clause.

In 1994, Stern & Gordon settled the Carrington lawsuit for a total of $1.5 million dollars. Stolhandske then sued Stern & Gordon to collect his share of the recovery. Stern & Gordon moved to compel arbitration under the terms of the 1993 settlement agreement, and the trial court abated the case and ordered the parties to arbitrate.

After the arbitration was concluded, Pamela Hoerster, the arbitrator, awarded Stolhandske $68,033. 68 in damages, $40,-792.50 in attorney's fees, plus interest and costs. Stern & Gordon filed a motion to modify and/or vacate the arbitration award, contending that the arbitrator had

---

* The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

committed a "gross error" in calculating Stolhandske's damages. Stolhandske responded by filing a motion to confirm the arbitration award.

After a hearing on May 22, 1998, the trial court vacated the arbitration award and ordered a new arbitration. The trial court did not rule on Stolhandske's motion to confirm the award. Stolhandske brought both an interlocutory appeal and a mandamus, contending that the trial court erred by vacating the arbitration award.

## INTERLOCUTORY APPEAL

■ The first issue this Court must decide is whether we have jurisdiction to consider the merits of the interlocutory appeal. Unless specifically authorized by statute, we have jurisdiction to review only final judgments. TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon 2000). A judgment is final if it disposes of all issues and parties so that no future action by the trial court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 892 (1956). "It is fundamental error for an appellate court to assume jurisdiction over an interlocutory order when not expressly authorized to do so by statute." *Gathe v. Cigna Healthplan of Tex., Inc.*, 879 S.W.2d 360, 363 (Tex.App.— Houston [14th Dist.] 1994, writ denied). The trial court's order vacating the arbitration award is interlocutory, not a final judgment. Therefore, absent statutory authorization, this Court may not review the propriety of the order.

Under the Texas Arbitration Act, a party may appeal an interlocutory order:

(1) denying an application to compel arbitration made under Section 171.021;

(2) granting an application to stay arbitration made under Section 171.023;

(3) confirming or denying confirmation of an award;

(4) modifying or correcting an award; or

(5) vacating an award without directing a rehearing.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a) (Vernon Supp.1999).

### Subsection (5)

■ Under subsection (5), a party may appeal if the trial court vacates an arbitration award, *but does not direct a rehearing*. TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(5) (Vernon Supp.1999). The legal maxim *expressio unius est exclusio alterius* is an accepted rule of statutory construction in Texas. *Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108 (Tex.1985). Under this rule of statutory construction, a statute's inclusion of a specific limitation excludes all others. *Dallas v. State*, 983 S.W.2d 276, 278 (Tex.Crim. App.1998); *see also Harris County v. Crooker*, 112 Tex. 450, 248 S.W. 652, 655 (1923).

■ Subsection (5) grants interlocutory review of orders vacating arbitration awards, *but limits* that review to cases in which the trial court fails to order a rehearing. Under the maxim discussed above, the limitation in the statute excludes review of cases in which the trial court vacates an arbitration award, but does, in fact, order a new arbitration.

In this case, after vacating the award, the trial judge appointed a new arbitrator and ordered a new arbitration. Therefore, subsection (5) is not applicable to this case.

### Subsection (3)

Nevertheless, Stolhandske argues that this Court has jurisdiction pursuant to subsection (3), which allows appeals from a trial court's order denying confirmation of an award. Stolhandske concedes that there is no order in the record denying his motion to confirm the arbitration award, but argues that by vacating the award, the trial court *implicitly* denied his motion. We disagree with Stolhandske's interpretation of the statute.

■ Under the Code Construction Act, it is presumed that the entire statute is

intended to be effective. TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998). If we were to agree with Stolhandske's argument that a trial court's order vacating an award is also a denial of a motion to confirm the same award, we would render subsection (5) of the statute meaningless. All orders vacating awards would be appealable under subsection (3), with or without an order for rehearing, and the limitation in subsection (5) would cease to be effective. We will not presume that the legislature intended for subsection (5) to be without effect.

### Contrasted with Federal Arbitration Act

Furthermore, had the legislature intended to make all orders vacating arbitration awards immediately appealable, it could have easily done so. In fact, the Federal Arbitration Act so provides. *See* 9 U.S.C. § 16(a)(1)(E) (1990) (appeal may be taken from any order modifying, correcting, or *vacating* an arbitration award). There is no limitation in the federal act; all orders vacating arbitration awards are immediately appealable. However, in the Texas act, by limiting interlocutory appellate review to orders that vacate awards without ordering a rehearing, the legislature expressed its intention that all other orders vacating awards will not be subject to interlocutory appellate review.

### Cases Interpreting the Uniform Arbitration Act

The Texas Arbitration Act is based on the Uniform Arbitration Act and provides:

> This chapter shall be construed to effect its purpose and make uniform the construction of other states' law applicable to an arbitration.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.003 (Vernon Supp.2000).

Because Texas has no authority on the issue presented to the Court, we will look to the laws of other states that have adopted the Uniform Arbitration Act.

In *Maine Department of Transportation. v. Maine State Employees Assn.,* the highest court of Maine was called upon to consider whether it had jurisdiction to consider the trial court's order vacating an arbitration and remanding the case to a rehearing before a new arbitrator. 581 A.2d 813, 814 (Me.1990). The court, interpreting an arbitration appeal statute almost identical to the Texas statute, held that no appeal could be taken from an order vacating an arbitration award if the trial court ordered a new hearing. *Id.* at 814–15. In so holding, the court reasoned:

> By providing for appeals only from those orders vacating arbitration awards that do not direct a rehearing, section 5945(1)(E) implicitly bars appeals from orders that direct a rehearing. (Footnote omitted). This is consistent with the policy of barring an immediate appeal from the granting of a new trial in a civil case.

*Id.* at 815.

Like Maine, Texas law prohibits appeals from orders granting new trials. *See Cummins v. Paisan Construction Co.,* 682 S.W.2d 235, 236 (Tex.1984). We agree with the reasoning of the Maine court; an order vacating an arbitration award and directing a rehearing is the functional equivalent of an order granting a new trial. Accordingly, such an order is not subject to direct appellate review. *See Minnesota Teamsters Public and Law Enforcement Employees Union, Local No. 320 v. County of Carver,* 571 N.W.2d 598, 599 (Minn. Ct.App.1997) (order vacating arbitration award and ordering rehearing analogous to order granting new trial); *Carner v. Freedman,* 175 So.2d 70, 71 (Fla. 3rd Dist. Ct.App.1965) (trial court order vacating arbitration award and directing rehearing by arbitration panel not appealable).

We believe the case of *National Avenue Building Co. v. Stewart* is distinguishable. 910 S.W.2d 334 (Mo.Ct.App.1995). In that case, the appellate court reviewed whether it had jurisdiction to review the trial court's order that (1) specifically denied a motion to confirm an award; (2) vacated the award; and (3) directed a rehearing.

The court decided that it had jurisdiction because the order appealed from specifically denied a motion to confirm and Missouri allows appeals from orders granting new trials. *Id.* at 338–39.

 By contrast, in this case, the trial court did not specifically deny a motion to confirm the award; it vacated the award and remanded the case for a new arbitration and did not act on the motion to confirm. The vacating of an arbitration award does not automatically deny a motion to confirm, but renders the consideration of an application to confirm moot. *North Carolina v. Davidson & Jones Constr. Co.*, 72 N.C.App. 149, 323 S.E.2d 466, 469 (1984); *see also Maine Dept. of Transp.*, 581 A.2d at 814 (trial court should not consider motion to confirm; once it grants motion to vacate, motion to confirm is moot).

Additionally, as noted above, Texas, unlike Missouri, does not allow appeals from orders granting new trials. For these reasons, we find the Missouri case distinguishable.

**Conclusion**

Based on the rules of statutory construction, a contrast with the Federal Arbitration Act, and cases from other states interpreting similar appeals statutes, we conclude that this Court has no jurisdiction to consider an appeal from an order that vacates an arbitration award and orders a new arbitration.[1] Accordingly, we dismiss the appeal.

**MANDAMUS**

 Stolhandske also argues that in the event his appeal is dismissed for want of jurisdiction, we should nonetheless afford him relief by way of a writ of mandamus. Mandamus will issue (1) to correct a clear abuse of discretion or the violation of a duty imposed by law, if (2) there is no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

 In *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992), the court held that a party wrongfully denied the benefits of an agreement to arbitrate would be entitled to mandamus relief because to hold otherwise would be to deprive the party of the benefits of the arbitration clause for which it had bargained. The reasoning of the court in *Jack B. Anglin Co.* is not applicable in this case because Stolhandske is not being denied the right to the benefits of the arbitration clause for which he bargained. Rather, Stolhandske is being compelled to arbitrate.

 In *Freis v. Canales*, 877 S.W.2d 283, 283 (Tex.1994), the court held that a party compelled to arbitrate without having agreed to do so would be entitled to mandamus relief to preserve his right to have the dispute resolved by litigation. The reasoning of the court in *Freis* is not applicable because Stolhandske has no right to have the dispute resolved by litigation. Rather, he bargained for the right to arbitrate.

By ordering a new arbitration, the trial court ordered a rehearing of the case. This is akin to the granting of a motion for new trial. Therefore, we believe that it is appropriate to apply, by analogy, the cases involving whether mandamus relief is available for the erroneous granting of a motion for new trial.

 "It is a general rule, well established, that an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause. The discretion and judgment of the trial court in granting a new trial cannot be controlled or directed by mandamus." *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial*

---

1. We are not called on to decide whether we would have jurisdiction in a case that specifically denies a motion to confirm and vacates an arbitration award and remands it for a further hearing. As stated in the opinion, in this case the trial court did not deny the motion to confirm.

**816**

*Dist.,* 162 Tex. 613, 350 S.W.2d 330, 331 (1961). There are two instances in which a trial court's order granting a new trial has been overturned on mandamus. *Id.* These are: (1) when the trial court's order was wholly void as where it was not rendered in the term in which the trial was had; and (2) where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting. *Id.; Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985). A motion for new trial granted "in the interest of justice" is not reviewable by mandamus. *Johnson,* 700 S.W.2d at 918.

■ Neither situation is present in this case. The trial court's order vacating the arbitration award, even if erroneous, was not void. Furthermore, the second ground for overturning new trial orders, *i.e.,* the order specifies the grounds for the new trial to be conflicting answers on special issues, is clearly not applicable in this case. Thus, the trial did not abuse its discretion by vacating the award and ordering a new arbitration.

Stolhandske cites *Holk v. Biard,* 920 S.W.2d 803, 808 (Tex.App.—Texarkana 1996, orig. proceeding), for the proposition that mandamus will issue to reverse an order that erroneously vacates an arbitration award. *Holk,* however, is distinguishable. In that case, the trial court not only vacated the arbitration award, it also set aside the arbitration agreement. 920 S.W.2d at 806. As such, there was no further arbitration ordered. However, in this case, the trial court vacated the arbitration award and ordered another rehearing.

Accordingly, mandamus will not lie.

### CONCLUSION

Because there is no interlocutory appeal statute applicable to this case, we dismiss Stolhandske's appeal for want of jurisdiction. Because the trial court did not abuse its discretion by vacating the award and ordering a new arbitration, we deny his petition for writ of mandamus.