Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB














Opinion issued September
14, 2006



















 

     

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00330-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



BISON BUILDING MATERIALS, LTD., Appellant

 

V.

 

LLOYD K. ALDRIDGE, Appellee

 

* * *

 

LLOYD K. ALDRIDGE, Cross-Appellant

 

V.

 

BISON BUILDING MATERIALS, LTD., Cross-Appellee

 

 



On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2004-60534

 








 



DISSENTING O P I N I O N

 

This is a case of first impression
for this Court with important jurisdictional implications for Texas arbitration law.  Because I believe the majority has
incorrectly decided this appeal, I respectfully dissent.

Bison Building Materials, Ltd. and
Lloyd K. Aldridge both appeal the trial court’s order confirming in part and
vacating in part, on legal grounds, an arbitration award subject to the Federal
Arbitration Act, 9 U.S.C. §§ 1-16 (2006) (the FAA).  The appeal presents threshold questions of
subject matter jurisdiction, namely, (1) whether the parties to an arbitration
agreement have the power to expand the jurisdiction of a state district court
reviewing an arbitration award under the FAA to include a legal review of the
arbitrator’s decision and, if so, (2) whether the trial court that partially vacates
an arbitration award under such expanded jurisdiction retains jurisdiction over
future implied arbitral proceedings until it is satisfied that the arbitrator
has applied the law correctly.  

The majority simply assumes that the
trial court has subject matter jurisdiction to vacate an arbitration award
under the FAA on the law, rather than on statutorily prescribed grounds, and
that it retains jurisdiction over any future arbitral proceedings implied by
its legal judgments.  Therefore, it concludes
that this appeal is interlocutory.  Because
I strongly disagree that the trial court has the power that the majority
ascribes to it, I respectfully dissent.  I
would determine the scope of the district court’s subject matter jurisdiction
before attempting to decide whether it retains jurisdiction it may never
have had.  Subject matter jurisdiction—i.e.,
the court’s power to act—takes priority over all other issues and may—indeed
must—be raised at any stage of the proceedings when it appears doubtful.[1]  

This is a dispute over an employee’s
right to sue his employer for personal injuries after the employee has signed a
post-injury waiver of the right to sue. 
The arbitrator dismissed Aldridge’s claims against Bison after finding
that Aldridge had signed such a waiver.  The
trial court reviewed the arbitrator’s award on legal grounds and entered a
final “Order” confirming the arbitration award in part and vacating it in part
on the ground that the arbitrator had misconstrued Texas law. 
The court held, “as a matter of first impression, that both the Texas
Supreme Court decision Storage & Processors, Inc. v. Reyes, 134
S.W.3d 190 (Tex. 2004) . . . and the fair notice requirements described therein
are properly applied to a post-injury waiver.” 
Applying Reyes, the court confirmed the arbitration award “as to
the finding that Aldridge signed the post-injury waiver” and vacated the award
“solely as to the arbitrator’s finding that the post-injury waiver precludes
arbitration because there are fact issues,” i.e., namely (1) whether the
post-injury waiver is enforceable and (2) whether “the ambiguous terms of the
waiver preclude this action seeking arbitration.”  Bison appeals the trial court’s legal
conclusions.  In a cross-appeal, Aldridge
contends there are fact issues regarding whether he signed, or understood that
he was signing, the post-injury waiver.[2]

Ordinarily, a district court may
vacate an award under the FAA only if (1) the award was procured by fraud,
corruption, or undue means; (2) there was evidence of partiality or corruption
among the arbitrators; (3) the arbitrators were guilty of misconduct that
prejudiced the rights of a party; (4) the arbitrators exceeded their powers; or
(5) in making the award, the arbitrators acted with manifest disregard for the
law.  9 U.S.C. § 10(a); Harris v.
Parker College of Chiropractic, 286 F.3d 790, 792 (5th Cir. 2002); Denver
& Rio Grande W. R.R. v. Union Pac. R.R., 119 F.3d 847, 849 (10th Cir.
1997) (court may vacate arbitration award only for reasons enumerated in FAA, 9
U.S.C. § 10, or for handful of judicially created reasons).  The court of appeal reviews de novo a trial
court’s decision to confirm or vacate an arbitration award under the FAA.  See Tanox, Inc. v. Akin, Gump, Strauss, Hauer
& Feld, 105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); Gateway
Techs., Inc. v. MCI Telecomms. Corp., 64 F.3d 993, 996 (5th Cir.
1995).  This review, likewise, is usually
“extraordinarily narrow” because of the narrow grounds on which an arbitration
award may be vacated under the FAA.  Tanox,
105 S.W.3d at 250 (quoting Hughes Training, Inc. v. Cook, 254 F.3d 588,
593 (5th Cir. 2001)).

In this case, however, in addition to
providing that any disputes between the parties were to be decided under the
FAA, the parties’ arbitration agreement (the “Agreement”) stated:

Either party may bring an action in any court of
competent jurisdiction . . . to enforce an arbitration award.  A party opposing enforcement of an award may
bring a separate action in any court of competent jurisdiction to set aside the
award, where the standard of review will be the same as that applied by an
appellate court reviewing a decision of a trial court sitting without a jury.

 

(Emphasis added).

Both the United States Court of
Appeals for the Fifth Circuit and our sister state Court of Appeals for the
Fourteenth District have held that parties may contractually modify the standard
of review of an arbitration award made under the FAA.  Harris, 286 F.3d at 793; Gateway,
64 F.3d at 996; Tanox, 105 S.W.3d at 251.[3]  When parties agree contractually to subject
an arbitration award under the FAA to expanded judicial review, “federal arbitration
policy demands that the court conduct its review according to the terms of the
arbitration contract.” Gateway, 64 F.3d at 997; see also Volt Info.
Sci. Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 469, 109 S. Ct.
1248, 1250 (1989).  However, the court must first
determine whether the arbitration agreement does, in fact, expand the
jurisdiction of the trial courts to review the award.  If the agreement does not contain “clear and
express language altering the standard of review,” the FAA’s default standard
of review of arbitration awards applies. 
Tanox, 105 S.W.3d at 251–52.

In Tanox, the Texas Court of Appeals,
like the federal Fifth Circuit Court of Appeals, held that parties have the
power to expand the jurisdiction of the trial court reviewing an arbitration
award.  Id. at 251–52.  However, in Tanox, the parties’ agreement
to submit their disputes to arbitration “under the rules of American
Arbitration Association then in place and applicable legal and equitable
principles” and their choice of law provision stating that the “agreement shall
be construed in accordance with the laws of the State of Texas” lacked the
clear and express language necessary to express the intent to alter the
standard of review.  Id. 
Therefore, the default FAA standard applied.  Id.
at 252.   

The Tanox court distinguished Gateway
and Hughes, two of the Fifth Circuit cases cited above, in which the
court did find that express language in the parties’ arbitration agreement
altered the standard of review of the arbitration award.  See Tanox, 105 S.W.3d at 251;
Hughes, 254 F.3d at 590 (construing agreement that “‛in actions
seeking to vacate an award, the standard of review to be applied to the
arbitrator’s findings of fact and conclusions of law will be the same as
that applied by an appellate court reviewing a decision of a trial court
sitting without a jury’”) (emphasis added); Gateway, 64 F.3d at 996
(construing agreement that “[t]he arbitration decision shall be final and
binding on both parties, except that errors of law shall be subject to
appeal”) (emphasis in original); see also Harris, 286 F.3d at 793 (construing
agreement that “[t]he Award of the Arbitrator shall be binding on the parties
hereto, although each party shall retain his right to appeal any questions
of law, and judgment may be entered thereon in any court having jurisdiction.”)
(emphasis added). 

Here, the language in the parties
arbitration agreement is virtually identical to that at issue in Hughes,
specifically, “the standard of review will be the same as that applied by an
appellate court reviewing a decision of a trial court sitting without a jury.”  Cf. Hughes, 254 F.3d at 590.  Therefore, I would hold that the parties did clearly
express their intent to expand the jurisdiction of the trial court by their
arbitration agreement and that they had the power to do so under the foregoing
authority.  I would also hold that, under
the plain language of the Agreement, the parties conferred on the trial court
the same jurisdiction this Court has when reviewing a decision of a trial court
sitting without a jury—namely the jurisdiction to review findings of fact and
conclusions of law, to reverse decisions on factual sufficiency grounds when
there is no evidence to support them or they are contrary to the great weight
and preponderance of the evidence, and to decide questions of law de novo.  

I see nothing in the language of the parties’
Agreement, however, that expresses the intent to confer on the trial court not
only the foregoing power to review the arbitration award under the
appellate standard of review applied to a trial court’s decision in a bench
trial, but also the jurisdiction to order a new arbitration under the
law as the district court interprets it and to retain jurisdiction with no
right of appeal until the trial court has satisfied itself that the retrial is
legally correct.  Moreover, the parties
themselves clearly understood the scope of review they had conferred on the
trial court to be limited to a legal review subject to appeal, as evidenced by
their appeal and cross-appeal from the trial court’s final “Order” filed in
this Court.  Nor is there is anything that
indicates, or even suggests, that in entering its final order the trial court
attempted to direct a rehearing under its conception of the law while retaining
jurisdiction over the proceedings or that, had it done so, it would have been
acting within power conferred on it either by the FAA or by the parties’
arbitration Agreement.  Thus, I cannot
agree that the majority’s understanding of the nature of the trial court’s
Order and its effect is correct.  Rather,
it is clear that the trial court and the parties both thought that the “Order”
was a final judgment expressing the court’s opinion on the law that was subject
to appellate review.  And, indeed, this
is the only reasonable interpretation of the Order and its effect, since the
alternative is the waste of litigants’ and court resources on potentially
fruitless arbitrations until much-delayed appellate review finally determines
what the applicable law is. 

The majority relies on authority from
this Court, Stolhandske v. Stern, 14 S.W.3d 810 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied), as support for its conclusion that the trial court
retains jurisdiction over future arbitrations until the arbitrator enters an
award the trial court believes to be legally correct and that, therefore, the
trial court’s order vacating the arbitration award in part was interlocutory.  14 S.W.3d at 813.  Stolhandske construed a provision in
the Texas
Arbitration Act which states that a party may appeal a trial court’s order
“vacating an award without directing a rehearing,” which is literally what
happened here.  Id. (quoting Tex. Civ. Prac. & Rem. Code Ann. § 171.0098(a) (Vernon
Supp. 1999)).  Therefore, had the
majority followed the plain language of section 171.0098(a) and Stolhandske,
it would have had to conclude that the trial court’s order was appealable, not
interlocutory.  The majority infers from Stolhandske,
however, that a party may not appeal a trial court’s order that vacates
an arbitration award subject to the FAA when the trial court’s order implies,
without directing, a future arbitration to be conducted under a different
interpretation of the law.  I do not
interpret Stolhandske as applying to the situation here, where the trial
court did not direct a rehearing and where, had it done so, it would have been
acting beyond its authority under both the FAA and the parties’ arbitration Agreement.

Bison and Aldridge have properly
appealed the trial court’s legal conclusions. 
I would hold that we are obligated to review those conclusions de novo.  See Tanox, 105 S.W.3d at 250.

For the foregoing reasons, I would
address the merits of this appeal.

 

          

                                                          Evelyn
V. Keyes

                                                          Justice

 

 

Panel
consists of Justices Keyes, Alcala, and Bland.

 

Justice
Keyes, dissenting.











[1] See Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex. 1991) (holding that lack of
subject-matter jurisdiction is fundamental error that may be raised for first
time at appellate level).

 





[2]  Despite the trial court’s characterization of the issues
on which it ordered a new arbitration as “fact issues,” issues of whether a
post-injury waiver is enforceable and whether the terms of a waiver are
ambiguous are both questions of law.  See
J.M. Davidson, Inc. v. Webster,
128 S.W.3d 223, 229 (Tex. 2003) (“Deciding whether a contract is ambiguous is a
question of law for the court.”); Silsbee Hosp., Inc. v. George, 163
S.W.3d 284, 289–90 (Tex. App.—Beaumont 2005, pet. denied) (construing waiver
agreement signed by employee and holding, “When the fair notice requirements
apply, a contract must satisfy both requirements [i.e., the express negligence
doctrine and conspicuousness] to avoid being unenforceable as a matter of
law”) (emphasis added).





[3] As the majority states in an extensive footnote, “The
federal circuit courts of appeal are split on the issue, with the First, Third,
and Sixth in accord with the Fifth, and the Eighth, Ninth, and Tenth in
disagreement.”  However, while the
majority states that “[t]his sort of clause presents interesting issues of
jurisdiction and policy,” it declines to address them in the body of its
opinion because “the parties do not raise or brief [them] here.”  This is incorrect.  Bison cites both the Agreement and Tanox
in its appellate brief as providing the standard of review of the trial court’s
setting aside of the award.  Moreover, as
stated above, whether parties have the power to expand district court subject
matter jurisdiction over motions to enforce or deny arbitration awards is a threshold
jurisdictional issue that may always be addressed, regardless of whether it is
raised by the parties.