Opinion issued November 1, 2007









     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00356




THRIVENT FINANCIAL FOR LUTHERANS, 
Appellant

V.

COLIN BROCK, 
Appellee




On Appeal from County Court at Law
Austin County, Texas
Trial Court Cause No. 05CV-3915




* * *





NO. 01-07-00484





IN RE THRIVENT FINANCIAL FOR LUTHERANS,




Original Proceeding on Petition of Writ of Mandamus




O P I N I O N

          This interlocutory appeal and original proceeding arise from a dispute between
Colin Brock and his insurer, Thrivent Financial for Lutherans (“Thrivent”) over
nonpayment of disability benefits, which Brock claims Thrivent owes him under a
Thrivent insurance policy. As required by the policy, the trial court compelled the
parties to arbitrate. Following an evidentiary hearing, the arbitrator denied Brock’s
claims. Thrivent moved the trial court to confirm the arbitration award. In turn,
Brock requested the trial court to vacate the arbitration award on the ground that the
award was obtained “by fraud, corruption, or other undue means.” The trial court
signed an order denying Thrivent’s motion to confirm the award, vacating the
arbitration award, and directing a rehearing before a new arbitrator. Thrivent appeals
the order and also seeks review by way of a petition for writ of mandamus. Brock
contends that we have no appellate jurisdiction over the interlocutory order and
requests that the petition for mandamus be denied.
          We dismiss Thrivent’s interlocutory appeal for lack of jurisdiction and deny its
petition for writ of mandamus.
Interlocutory Appeal
          Appellate courts have jurisdiction to consider immediate appeals of
interlocutory orders, such as the one in this case, only if a statute explicitly provides
appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998);
Eichelberger v. Hayton, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st Dist.] 1991,
writ denied). Texas courts strictly construe statutes authorizing interlocutory appeals
because a statute authorizing an appeal from an interlocutory order is in derogation
of the general rule that only final judgments are appealable. Walker Sand, Inc. v.
Baytown Asphalt Materials, Ltd., 95 S.W.3d 511, 514 (Tex. App.—Houston [1st
Dist.] 2002, no pet.). 
          The Texas Arbitration Act (TAA) permits interlocutory appeals of certain 
orders relating to the arbitration process. Specifically, TAA section 171.098 permits 
appeals from orders
(1) denying an application to compel arbitration made under Section
171.021;
 
(2) granting an application to stay arbitration made under Section
171.023;
 
(3) confirming or denying confirmation of an award;
 
(4) modifying or correcting an award; or
 
          (5) vacating an award without directing a rehearing.
Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a) (Vernon 2005).
          Brock contends that Thrivent’s appeal should be dismissed because the trial
court’s order vacates the arbitration award and directs rehearing. Brock points out
that such an order is not appealable under section 171.098. Brock notes that
subsection 171.098(a)(5) permits an appeal of an ordering vacating an award when
no rehearing is directed, but no provision permits an appeal when a rehearing is
directed. 
          Thrivent responds that the order is appealable because it also denies
confirmation of the arbitration award. Thrivent cites subsection 171.098(a)(3), which
permits an appeal from an order denying confirmation of an award. Thus, we must
determine whether an order denying confirmation of an arbitration award, vacating
the award, and directing rehearing is an appealable order. 
          In Stolhandske v. Stern, we held that an order vacating an arbitration award and
ordering rehearing was not an appealable interlocutory order. 14 S.W.3d 810, 815
(Tex. App.—Houston [1st Dist.] 2000, no pet.). We based this holding, in part, on
the language of subsection 171.098(a)(5), which limits the review of orders vacating
arbitration awards to those in which the trial court did not order a rehearing. See id.
at 813. We contrasted the Federal Arbitration Act, which permits the appeal of all
orders vacating arbitration awards, without specifically limiting the right of appeal
to those orders that do not direct a rehearing. Id. at 814 (citing 9 U.S.C.
§ 16(a)(1)(E)). 
          We also concluded that an order vacating an arbitration award is not appealable
under section 171.098(a)(3) as an implicit order denying confirmation of an award. 
Id. at 813–14. We reasoned, “The vacating of an arbitration award does not
[automatically] deny a motion to confirm, but renders the consideration of an
application to confirm moot.” Id. at 815 (citing North Carolina v. Davidson & Jones
Constr. Co., 323 S.E.2d 466, 469 (N.C. Ct. App. 1984)). 
          Lastly, in Stolhandske, we noted that the TAA is based on the Uniform
Arbitration Act and looked to case law of other states, which have also adopted the
uniform act. See id. at 814 (citing Tex. Civ. Prac. & Rem. Code Ann. § 171.003
(providing, “This chapter shall be construed to effect its purpose and make uniform
the construction of other states’ law applicable to an arbitration.”)). Citing cases from
Maine, Minnesota, and Florida, we concluded, “[A]n order vacating an award and
directing a rehearing is the functional equivalent of an order granting a new trial. 
Accordingly, such an order is not subject to direct appellate review.” Id. (citing
Maine Dep’t of Transp. v. Maine State Employees Ass’n, 581 A.2d 813, 814 (Me.
1990); Minnesota Teamsters Pub. & Law Enforcement Employees Union, Local No.
320 v. County of Carver, 571 N.W.2d 598, 599 (Minn. Ct. App. 1997); Carner v.
Freedman, 175 So.2d 70, 71 (Fla. 3rd Dist. Ct. App. 1965)).
          In Stolhandske, we also discussed National Avenue Building Co. v. Stewart,
910 S.W.2d 334 (Mo. Ct. App. 1995), in which the Missouri Court of Appeals
determined that it did not have jurisdiction to review an order that (1) specifically
denied a motion to confirm an award; (2) vacated the award; and (3) directed a
rehearing. 14 S.W.3d at 814–15. We noted that the court in Stewart decided that it
had jurisdiction because the order appealed from specifically denied a motion to
confirm and because Missouri law permits appeals from orders granting new trials. 
Id. at 815 (citing Stewart, 910 S.W.2d at 338–39). 
          In dismissing the appeal in Stolhanske, we found Stewart to be inapposite. We
cited the fact that the order at issue in Stewart specifically denied a motion to confirm
an arbitration award. Id. In contrast, the order in Stolhanske did not deny a motion
to confirm; it only vacated the award and directed a rehearing. Id. We also noted that
Texas, unlike Missouri, does not allow appeals from orders granting new trials. Id.
          In contrast to the order in Stolhanske, the order signed by the trial court in the
instant case denied Thrivent’s motion to confirm the arbitration award in addition to
vacating the award and directing a rehearing. We specifically stated in Stolhanske
that we were not determining whether we would have jurisdiction to decide an appeal
of such an order. Id. at 815 n.1. Thus, while it is instructive, our holding in
Stolhandske is not controlling.
          Since we issued our opinion in Stolhanske, we have not had an opportunity to
determine whether we have jurisdiction to hear an appeal of an order that denies a
motion to confirm an arbitration award, vacates the award, and directs a rehearing. 
As noted by the parties, a split in authority exists on this issue in Texas and
nationally. 
          In Prudential Securities, Inc. v. Vondergoltz, the Fourteenth Court of Appeals
held that section 171.098(a) did not authorize the appeal of an order denying
confirmation of an arbitration award, vacating the award, and directing a rehearing. 
14 S.W.3d 329, 331 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The
Vondergoltz court recognized that, in Stewart, the Missouri Court of Appeals held a
similar order to be appealable, but disagreed with the Stewart court’s analysis. Id. 
          The Vondergoltz court noted that the Stewart court had reasoned that the
Missouri legislature “could easily have added a proviso to subdivision (3) stating
‘without directing a rehearing,’” as it had added to subdivision (5), if it had intended
an order denying the confirmation of an award not be appealable when rehearing is
directed. Id. (citing Stewart, 910 S.W.2d at 341).
          Rejecting this reasoning, the Fourteenth Court of Appeals in Vondergoltz 
determined that “an order denying confirmation of an arbitration award is the
functional equivalent of an order vacating an award.” Id. On this basis, the court
concluded, 
[W]here appeals are expressly provided in a statute for orders (a)
denying confirmation of an award and (b) vacating an award without
directing a rehearing, it most logically follows that an appeal is not
allowed for orders denying confirmation or vacating an award where
rehearing is directed as to either. To hold otherwise would render the
language “without directing a rehearing” without effect and would
elevate form over substance by allowing an appeal where rehearing is
directed in denying a request for confirmation but not in granting a
request to vacate an award.
Id. (footnote omitted). 
          Lastly, the Vondergoltz court reasoned that “to the extent an order directing
rehearing of an arbitration is analogous to an order granting a motion for new trial,
the rule in Texas that the latter is not final or appealable dictates a result contrary to
that reached in Stewart by reference to the opposite rule.” Id. (footnote omitted). 
          In addition to the Fourteenth Court of Appeals, courts in Minnesota and the
District of Columbia, when interpreting statutes nearly identical to section
171.098(a), have also held that an order like the one at issue are not appealable. 
          As here, in Kowler Associates v. Ross, the appellant argued that the order was
appealable because it not only vacated the award and directed rehearing, but also
denied the confirmation, which the appellant characterized as “a separate basis for the
appeal,” under the third subsection of Minnesota Statute section 572.26. 544 N.W.2d
800, 801 (Minn. Ct. App. 1996) (citing Minn. Stat. § 572.26 subd. 1(3)). The
Minnesota Court of Appeals disagreed. 
          The Kowler court cited a provision of the Minnesota arbitration act requiring
a court to confirm an arbitration award, unless grounds are offered to vacate or
modify the award.


 Id. (citing Minn. Stat. § 572.18). The court noted that the
Minnesota act, in section 572.19, contained a separate provision governing the
vacatur of arbitration awards. See id. Because the respondent had moved to vacate
the award, the Kowler court reasoned that “the separate procedure for determining
whether the award should be vacated applied.” Id. (citing Minn. Stat. § 572.19). 
The court continued, “The underlying action is a proceeding to vacate the award, and
the decision to confirm the award depends on determination of the application to
vacate.” Id. On this basis, the court concluded, “[T]he order denying confirmation
of the award is not appealable unless there is a basis for appeal of the prerequisite
order vacating the award.” Id.
          The Kowler court also relied on rules of statutory construction to support its
decision that the order was not appealable. The court opined, “[I]f an order that
vacates an award and directs rehearing were construed to be appealable as an order
denying confirmation of the award, then section 572.26, subd. 1(5), would be of no
effect and an order vacating an award always would be appealable, even if a rehearing
has been directed.” Id. The court reasoned, “Such a construction would be
inconsistent with the rules of statutory interpretation and the statutory prohibition
against appeals from orders directing a rehearing.” Id.
          In support of its holding, the Kowler court made two final points. First, the
court pointed out that “[a]n appeal may be taken from an order that denies
confirmation, if the order also vacates the award without a rehearing.” Id. at 802. 
Second, the court observed, “[W]hen a rehearing is directed, appellate review is
premature because the arbitration process has not been completed.” Id.
          In Connerton, Ray & Simon v. Simon, the District of Columbia Court of
Appeals also held that it had no jurisdiction to review an order such as the one at
issue in this case. 791 A.2d 86, 88 (D.C. 2002). The court concluded that the axioms
of statutory construction dictated that the order was not appealable. 
          As did the Fourteenth Court of Appeals and the Minnesota Court of Appeals,
the District of Columbia Court of Appeals reasoned that, if it were to hold that the
order was appealable because it in part denied confirmation of an award, then subpart
five of the jurisdictional statute, specifying that only orders vacating an award
“without directing a rehearing” are appealable, would be “rendered superfluous.” Id.
at 87–88 (discussing D.C. Code § 16–4317(a)(5)). The court opined that such a
reading violates the basic principle of statutory construction that each provision of
a statute should be construed to give effect to all of the statute’s provisions and not
to render any provision superfluous. Id. at 88. 
          The Simon court also relied on the tenet of statutory construction that, “[w]hen
a statute contains potentially inconsistent provisions, the more specific provision
must govern or control, as a clearer and more definite expression of the legislative
will.” Id. (internal quotation omitted). The court noted that “D.C. Code
16-4317(a)(5) specifically addresses the jurisdictional impact of ordering a new
hearing, whereas 16-4317(a)(3) is more general.” Id.
          Taking the opposite position from the above cases, the Texarkana Court of
Appeals, in Werline v. East Texas Salt Water Disposal Co., held that section
171.098(a)(3) permited an appeal to review an order such as the one at issue. 209
S.W.3d 888, 896 (Tex. App.—Texarkana 2006, pet. filed). In so doing, the Werline
court roundly criticized the Fourteenth Court of Appeals’s opinion in Vondergoltz and
agreed with the reasoning of the Missouri Court of Appeals in Stewart. Id. at 895–96. 
          According to the Werline court, Vondergoltz “is contrary to the plain language
of the statute, and in essence, rewrites it.” Id. at 895. The Texarkana Court of
Appeals assailed Vondergoltz by stating that the opinion renders subsection (a)(3)
“essentially meaningless” because Vondergoltz’s interpretation “adds the phrase
‘without directing a rehearing’ into subsection (a)(3), and thereby rewrites the
statute.” Id. 
          The Werline court pointed out that the TAA requires a court to confirm an
award unless grounds exist for vacating, modifying, or correcting an arbitration award
and reasons that “unless the trial court fails to follow the statutory procedures, a
denial of an application to confirm must be accompanied by a vacatur or other order.” 
Id. (citing Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (Vernon 2005)). 
          With this as background, Werline offers the following critique: 
Under Vondergoltz, an interlocutory appeal would only be authorized
under subsection (a)(3) in the rare situation when the trial court denies
a motion to confirm, but fails to vacate the award. Thus, only if the trial
court refuses to follow the statutory procedures would an interlocutory
appeal be available under subsection (a)(3). Vondergoltz renders
subsection (a)(3) meaningless under the guise of preventing subsection
(a)(5) from being meaningless.
Id.
          The Werline court further criticized Vondergoltz by charging that it “destroys
the benefits of the arbitral process” and creates the possibility that appeal will be
denied indefinitely. Id. The court cautioned that the arbitration process could
“continue ad infinitum” and warned that “[t]he trial court could continue to grant
vacatur multiple times until the result it desires is reached or one of the party’s
resources are exhausted.” Id. at 895, 896.
          The Werline court opined that subsections (a)(3) and (a)(5) of section 171.098
can be harmonized under the plain language of the statute to give effect to each. Id.
at 896. Specifically, the court commented that, under the statute’s plain language, “a
party can appeal the denial of an application to confirm, but is prohibited from
appealing from the granting of a vacatur which directs a rehearing.” Id. The court
concluded, “We agree with Stewart that the trial court’s order granting a motion to
vacate and directing a rehearing does not extinguish a party’s right to appeal the
denial of its motion to confirm.” Id. (footnote omitted).
          The Texarkana Court of Appeals’s opinion is thoughtful; however, we do not
agree with its holding and offer the following observations. First, the impact of the
Werline court’s admonition that the arbitration process could “continue ad infinitum”
under Vondergoltz’s holding is weakened by the fact that an order vacating an
arbitration order and ordering rehearing, without denying the confirmation, could also
in theory result in perpetual arbitration. We assume that the legislature considered
this when enacting TAA section 171.098(5), which by implication does not permit
an appeal of such an order, as we held in Stolhandske. See Tex. Civ. Prac. & Rem.
Code Ann. § 171.098(a)(5); Stolhandske, 14 S.W.3d at 813. 
          Regarding the Werline court’s comment that, “[u]nder Vondergoltz, an
interlocutory appeal would only be authorized under subsection (a)(3) in the rare
situation when the trial court denies a motion to confirm, but fails to vacate the
award,” we note that perhaps the legislature foresaw such a “rare situation” and
enacted subsection (a)(3) to cover it. 209 S.W.3d at 895. Moreover, as pointed out
by the Minnesota Court of Appeals in Kowler, “[a]n appeal may be taken from an
order that denies confirmation, if the order also vacates the award without a
rehearing.” 544 N.W.2d at 802 (citing subsections (3) and (5) of the comparable
Minnesota statute). 
          Taking the relevant legal authorities into due consideration, we next determine
whether we have jurisdiction to determine Thrivent’s appeal. We begin by noting
that the substance and function of an interlocutory order, when viewed in the context
of the record, controls our jurisdiction. See Walker Sand, 95 S.W.3d at 515. Here,
the governing statutory procedure and the record shows that the proceeding was
predominantly one to vacate the arbitration award. That is, vacatur of the award was
the paramount consideration of the trial court and controls jurisdiction in this case.
          As discussed, TAA section 171.087 provides, “Unless grounds are offered for
vacating, modifying, or correcting an award under Section 171.088 or 171.091, the
court, on application of a party, shall confirm the award.” Tex. Civ. Prac. & Rem.
Code Ann. § 171.087 (Vernon 2005). In accordance with this provision, the trial
court’s decision to confirm or deny the award in this case depended on its decision
whether to vacate the award. See Kowler, 544 N.W.2d at 801. The record reflects
that Brock asserted that the award should be vacated and confirmation denied because
the award was obtained “by fraud, corruption, or other undue means,” one of the
grounds expressly identified in section 171.088 to support vacatur. See Tex. Civ.
Prac. & Rem. Code Ann. § 171.088(a)(1) (Vernon 2005); see also 9 U.S.C.S.
§ 10(a) (Lexis Supp. 2007) (providing, in Federal Arbitration Act, that award
procured by fraud, corruption, or undue means may be vacated). The record reflects
that the underlying proceeding focused on whether Brock’s allegations regarding
“fraud, corruption, or undue means” were correct. Thus, the trial court’s denial of the
confirmation was subsidiary to the trial court’s vacatur of the award. 
          Moreover, the trial court’s vacatur of the award rendered moot the trial court’s
decision to deny confirmation of the award. See Stolhandske, 14 S.W.3d at 815. In
any event, the determinative ruling is the vacatur of the award, and the order at issue
here is not subject to appeal unless the vacatur is appealable. See Kowler, 544
N.W.2d at 801. As discussed, an order vacating an award and ordering rehearing,
such as the one in this case, is not an appealable order. See Tex. Civ. Prac. & Rem.
Code Ann. § 171.098(a)(5); Stolhandske, 14 S.W.3d at 813.
          In addition, an order directing a rehearing, like the one at issue, does not have
the indicia of finality that the other types of orders listed in section 171.098(a)
possess. See Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a). For example, orders
denying an application to arbitrate or confirming an arbitration award are final as to
the merits of the issue being decided and are ripe for appeal. See id. This can also
be said of an order that simply denies an award or vacates it. 
          In contrast, an order directing rehearing of the arbitration contemplates the
continuation of the arbitration process and leaves unresolved disputed issues. Bison
Building Materials, Ltd. v. Aldridge, No. 01–05–00330–CV, 2006 WL 2641280, at
*5 (Tex. App.—Houston [1st Dist.] 2006, pet. filed) (holding that order confirming
arbitration award in part, vacating award it in part, and implicitly directing rehearing
is not appealable interlocutory order); Brooks v. Pep Boys Auto. Supercenters, 104
S.W.3d 656, 660 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (explaining that
orders compelling arbitration are interlocutory per se because they contemplate
continuing resolution of issues through arbitral process). Orders, such as the one at
issue, do not possess the attribute of finality underlying TAA section 171.098,
including subsection 171.098(a)(3). See Simon, 791 A.2d at 88.
          Strictly construing TAA section 171.098, as we must, we conclude that we lack
jurisdiction to consider Thrivent’s interlocutory appeal of the trial court’s order
denying the arbitration award, vacating the award, and directing rehearing. 
Accordingly, we dismiss Thrivent’s interlocutory appeal for lack of jurisdiction. 
Petition for Writ of Mandamus
          By petition for writ of mandamus, Thrivent also challenges the trial court’s
order denying the arbitration award, vacating the award, and directing rehearing. 
Thrivent requests that we “order the trial court to reverse its ruling and render
judgment confirming the January of 2007 arbitration award that Brock take nothing.”
          We deny Thrivent’s petition for writ of mandamus.
Conclusion
          We dismiss the appeal in appellate cause number 01–07–00356–CV for lack
of jurisdiction. We deny Thrivent’s petition for writ of mandamus in appellate cause
number 01–07–00484–CV.



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.