COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

RESURGENCE FINANCIAL, L.L.C., §

Appellant, §

v. §

ETHEL L. CURRY, §

Appellee. §

§

No. 08-07-00291-CV

Appeal from the

County Court at Law No. 1

of Dallas County, Texas

(TC# CC-07-00731-A)

**O P I N I O N**

Resurgence Financial, L.L.C. ("Resurgence") appeals the dismissal of its breach of contract action against Ethel L. Curry ("Ms. Curry") for her alleged failure to pay on a credit card account. Resurgence contends the trial court erred by dismissing the action for want of prosecution and denying its motion for default judgment. We affirm.

On January 12, 2007, Resurgence filed an action against Ms. Curry to recover amounts due for failure to pay on a credit card account. The petition stated that Citibank and Ms. Curry entered into an Account Agreement that allowed her to obtain cash advances and purchase goods and services at places that honored the credit card. Ms. Curry promised to pay for the account but failed to do so and owes Resurgence, who now owns the account, in the amount of at least $10,746.69 including interest at 6 percent from November 1, 2006 until paid per the documentation attached to Resurgence's petition and attorney's fees as provided for in the Account Agreement.

Resurgence attached the affidavit of John Over, the entity's designated agent, as well as a

statement of Ms. Curry's account to the petition. These documents showed that Ms. Curry owes the previously stated amount to Resurgence, which comprises of the principal amount of $9,626.34 and the accrued interest of $1,120.35 as of October 31, 2006. The petition also contained a request for disclosures and requests for admission.

Resurgence served Ms. Curry with citation on January 30, 2007. On February 12, 2007, the trial court issued a Texas Rules of Civil Procedure Rule 165a letter stating that if Ms. Curry has not filed an answer, or if the answer filed was insufficient as a matter of law to place Resurgence's alleged facts in issue, the court expected Resurgence to have moved for and to have had heard a summary judgment or to have proved up a default judgment prior to June 8, 2007. The court further stated that Resurgence's "failure to have done so will result in the dismissal of the case . . ." on that date.

On March 2, 2007, Resurgence filed a motion for default judgment. Resurgence argued that its cause of action is a liquidated claim based on the purchase of goods and services by credit card. Resurgence requested judgment on the debt Ms. Curry owes together with interest and attorney's fees, which the entity supported with an attorney's affidavit and a non-military affidavit.

On June 8, 2007, the trial court dismissed the case based on Resurgence's failure to take action after notice of intent to dismiss for want of prosecution in accordance with the Rule 165a letter and for want of prosecution. Resurgence filed a motion to reinstate and a second motion for default judgment on June 21, 2007, and provided additional documents. The trial court did not rule on either motions. On August 22, 2007, Resurgence filed a trial brief in support of its motion for default judgment.

On September 11, 2007, Resurgence filed a Notice of Appeal challenging the trial court's dismissal of the case for want of prosecution and failure to render default judgment for the entity.

Resurgence raises only one issue on appeal: the trial court erred by dismissing the case for want of prosecution and denying the entity of a default judgment on liquidated damages where the defendant failed to answer. We review a trial court's denial of a motion for default judgment under an abuse of discretion standard. *See Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex.App.--Houston [14th Dist.] 2005, no pet.). The trial court has discretion over the determination of factual matters but abuses its discretion if it fails to analyze or apply the law correctly. *See id*. In a civil case in which the judgment or amount in controversy exceeds $250 aside from interest and costs, an appellate court has jurisdiction to review only the trial court's final judgment unless a statute specifically authorizes otherwise. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 51.012 (Vernon Supp. 2009); *Stolhandske v. Stern*, 14 S.W.3d 810, 813 (Tex.App.--Houston [1st Dist.] 2000, pet. denied).

A defendant's answer is due on the first Monday after twenty days have passed from the date the defendant was served with citation. *See* TEX.R.CIV.P. 99(b). A plaintiff can request default judgment when the defendant's deadline to file an answer has expired and the citation and proof of service have been on file with the clerk at least ten days, not counting the day of filing and the day of judgment. *See* TEX.R.CIV.P. 107; *Union Pacific Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex.App--Austin 2001, no pet.). However, the law permits a court to dismiss for want of prosecution when a plaintiff fails to show that it is entitled to a default judgment by a court-ordered deadline. *See Crown Asset Mgmt. L.L.C. v. Loring*, 2009 WL 2596101 (Tex.App.--Dallas August 25, 2009, pet. filed).

By default, a defendant admits all factual allegations in the plaintiff's petition except unliquidated damages. *See Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex.App.--Dallas 2005, no pet.). As for liquidated damages, a trial court can enter a default judgment if it can verify the damages by looking at the allegations in the petition and written instruments. *See* TEX.R.CIV.P. 241; *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex.App.--Houston [14th Dist.] 2007, no pet.). A claim is liquidated if the amount of damages may be calculated accurately from the factual allegations in the petition and written instruments. *See Argyle Mech., Inc.*, 156 S.W.3d at 688. A court determines whether a claim is liquidated from the language of a petition because a seemingly liquidated claim may be unliquidated because of pleading allegations that require proof for resolution. *See Arenivar v. Providian Nat. Bank*, 23 S.W.3d 496, 498 (Tex.App.--Amarillo 2000, no pet.).

Here, we can only review the dismissal order because it is the trial court's sole final judgment. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.012; *Stolhandske*, 14 S.W.3d at 813. This means we can only consider Resurgence's original petition and first motion for default judgment as well as the documents attached to them because Resurgence presented these to the trial court prior to the dismissal. *See id*. Because the trial court did not rule on the second motion for default judgment or motion to reinstate, we cannot consider those motions or the documents attached to them. *See id*.

The statement of Ms. Curry's account that Resurgence attached to its original petition and deemed admissions indicate she agreed to a contractual interest rate of 6 percent on the account. However, it fails to state whether this is computed as simple interest. Although the evidence reflects Ms. Curry's outstanding balance on her account as of October 31, 2006, as $10,746.69, it

-4-

provides no definitive basis for calculating the principal and interest due beyond that date. Because the evidence offered by Resurgence did not provide sufficient information to calculate the interest due on the outstanding account balance, the trial court was not able to calculate the amount of damages accurately based on the factual allegations in order to render Resurgence a liquidated damage award. Even though Resurgence filed a motion for default judgment, its evidence was insufficient to support the default judgment it requested, and so Resurgence failed to establish that it is entitled to the judgment it requested.

We conclude the trial court did not abuse its discretion in dismissing the case for want of prosecution and denying Resurgence's motion for default judgment. Therefore, we overrule the entity's sole issue.

Having overruled Resurgence's issue presented for review, we affirm the trial court's judgment.


November 12, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-5-